No. 48.—THOMAS ARNOLD, administrator, &c. plaintiff in error, *vs.* ELIAB WELLS and WIFE, defendants.

[1.] Notice of the *filing* of a bill of exceptions, held not to be sufficient. There must be notice of the *signing and certifying.*

[2.] The Clerk must certify and send up the record and bill within time, and his certificate must show that it was done in time.

[3.] The Court will not amend a writ of error, by striking out one party and inserting another.

Motion to dismiss the writ of error.

The defendant in error joined issue with a protestation, and moved to dismiss the case—

Arnold *vs.* Wells and Wife.

1st. Because there is no notice of the *signing* of the bill of exceptions.

2d. Because of the discrepancy between the parties to the original cause, as certified and sent up in the record, and in the writ of error.

3d. Because it does not appear, from the certificate of the Clerk, that the transcript of the record was certified and sent up, within the time prescribed in the Statute.

The facts were, that instead of filing a notice of the *signing* of the bill of exceptions, the plaintiff in error filed a notice of the *filing* of the bill of exceptions. In the writ of error, John Arnold was named as guardian of John B. Arnold, in lieu of James Shivers, who was one of the parties to the original cause.

The Clerk left blank the day of the month on which he certified and sent up the record to this Court.

C. J. McDonald, for the motion.

Wm. Dougherty, contra.

Judge *Warner* having been of counsel, did not preside in this cause.

*By the Court.*—Nisbet, J. delivering the opinion.

The writ was dismissed in this case,

[1.] First. Because the record furnishes no evidence that there was any notice of the *signing* of the bill of exceptions. There was notice of the *filing* of the bill—that is not enough. The Statute requires that the party defendant in error, shall be notified of the *signing* of the bill of exceptions.

[2.] Second. Because it does not appear, from the record, that the Clerk certified and sent up the transcript and bill, within the time prescribed by law. The certificate is in blank, as to the day of the month, and there is nothing from which the Court can know that it was certified and sent up within time. The certificate must show the date.

Third. Because, in the writ of error, a person was named as a party, different from the true party, as disclosed by the bill and record.

[3.] We will not amend, by striking out one party and inserting another. (See *Duke vs. Trippe*, determined at this term. *Supra.*)