No. 10.—WATKINS CHAPPELL & Co. plaintiffs in error, *vs.* SEABORN A. SMITH, defendant in error.

[1.] A misnomer in an appeal, is amendable.
[2.] To make an Attorney at Law incompetent to testify of a fact, the knowledge of the fact must have been acquired by him, *both* during the relationship of client and attorney, and by reason of that relationship.

Complaint, in Randolph Superior Court. Decision by Judge PERKINS, October Term, 1854.

Watkins Chappell & Co. obtained a verdict against Seaborn A. Smith. Smith entered an appeal. The clerk, in making out the appeal, misnamed the plaintiffs—writing their names " *William* Chappell & Co." Plaintiffs' Counsel moved to dismiss the appeal on that ground. The Court refused the motion, and allowed the appeal to be amended, although the surety on appeal was dead and unrepresented before the Court. This decision is assigned as error.

Defendant relied on a receipt, in full, from William Taylor, plaintiffs' Attorney. Plaintiffs proposed to prove by David Kiddoo, one of his attorneys, that subsequent to the death of

Taylor, defendant told him that "he was afraid he would have some difficulty about said case, as he had paid Judge Taylor $600, in part, and had no showing for it". The Court rejected this testimony, on the ground that David Kiddoo was an incompetent witness. This decision is assigned as error.

TUCKER & BEALL, for plaintiff in error.

A. HOOD, for defendant in error.

*By the Court.*—BENNING J., delivering the opinion.

[1.] The misnomer in the appeal, was amendable by the Act of 1850, to authorize "amendments to be made *instanter*, in all judicial proceedings, and for other purposes." The first section of that Act is in the following words: "That from after the passage of this Act, all misnomers made in writs, petitions, bills or other judicial proceedings, on the civil side of the Court, shall be amended and corrected *instanter*, without working any unnecessary delay to the party having made the same." (*Cobb's Dig.* 493.)

An appeal is a "judicial proceeding."

Indeed the misnomer would be amendable by the Act of 1818. (*Cobb's Dig.* 487.) See a case decided at Macon, in 1854, in which one Seymour was a party.

But although the Court was right in allowing the appeal to be amended, it was not right in rejecting the testimony of Mr. Kiddoo, the Attorney for Watkins Chappell & Co.

It does not appear that the statement of Smith, which it was proposed to prove by Kiddoo, was made to the latter, "both during the existence, *and by reason* of the relationship of client and attorney." For aught that appears, the statement was made by reason of something else.

The Act of 1850 is a harsh, almost a penal one. If, therefore, it is doubtful whether a case falls within or without it, a

proper presumption will make the case fall without it. (*Collins vs. Johnson*, 16 *Ga. R.*)

So the Court should have received Kiddoo's testimony.