No. 46.—DAVID N. BURKHALTER, plaintiff in error, *vs.* CORDY BULLOCK, defendant in error.

[1.] Appeals are included within the Act of 1818, as to amendments and special pleadings.

Motion, in Marion Superior Court. Decision by Judge WORRELL, February Term, 1855.

Burkhalter recovered a judgment against Bulloch, from which Bulloch appealed, paying costs and giving security. At the first term of the appeal, a motion was made to dismiss

the same, on the ground that the security was insufficient; and that if ever sufficient, it had become insufficient pending the appeal. Issue was joined on these grounds by Bulloch, and found against him. Bulloch then proposed to file his affidavit, that from his poverty he was then unable to pay the costs and give the security, in terms of the law.

The Court admitted this affidavit, and refused to dismiss the appeal; and these decisions are assigned as error.

BLANDFORD and S. HALL, for plaintiff in error.

PRYOR, for defendant.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, the motion of the appellee, Burkhalter, was to dismiss the appeal on one or the other of two grounds, viz : that the sureties of Bullock, the appellant, were insolvent at the time when the appeal was entered, or that they had become insolvent since the appeal was entered. "And therefore," says the bill of exceptions, "said Bullock joined issue upon said motion, as to the solvency of said securities, at the time said appeal was entered, or as to the solvency or insolvency of said securities, pending said appeal, which issue was then and there submitted to a Jury," "by said Court;" and "the said Jury returned a verdict, finding the issue in favor of said Burkhalter."

Now, what was it that the Jury found? That the sureties were insolvent when the appeal was entered, or that, though solvent then, they became insolvent afterwards ? It is impossible to say.

And, unless this could be known, it is not possible to determine what further ought to be done in the case; for the consequences of a finding, either way, on the first alternative of the issue, would be different from those of a finding, either way, on the last alternative of the issue.

We think, therefore, that it was wrong in the Court, to receive this finding; and, therefore, we think that this issue

Burkhalter *vs.* Bullock.

ought to be submitted to another Jury, with instructions to find on each alternative of the issue.

When this shall have been done, should the finding be, that the sureties were insolvent at the time when the appeal was entered, then, still, we think the appeal is not to be dismissed, if the appellant will make affidavit that he is advised, and believes that he has a good cause of appeal, and that, owing to his poverty, he was unable, at the time of the appeal, to give better security than that which he gave.

And should the finding be, that the sureties became insolvent after the appeal was entered, neither, then, do we think that the appeal is to be dismissed, provided the appellant will make affidavit that he is, at the time when he makes the affidavit, advised and believes that he has a good cause of appeal; and that, owing to his proverty, he is unable to give any further security on the appeal, than that which he has already given.

[1.] In the opinion of this Court, the Act of 1818, as to amendments, includes appeals. And the first section of that Act is in these words : " That, in every case where there is a good and legal cause of action, plainly and distinctly set forth in the petition, and there is, in substance, a copy served on the defendant or defendants, or left at their most notorious place of abode, every other objection shall be, on motion, amended without delay or additional costs." (*Cobb's Dig.* 487. *See* 15 *Ga. R.* 110.)

And if an affidavit shall be made by the appellant, in pursuance of what has above been indicated, he will have brought himself within the Act of 1842, to enable parties to appeal without giving security and paying costs. (*Cobb's Dig.* 501.)

I doubt, myself, whether any objection can be taken to an appeal, on the ground that the sureties have become insolvent since the entering of the appeal. In such a case, the appeal is certainly good at first; and does the Statute of Appeals require more than that ? I doubt it, notwithstanding the rule of Court.