DANIEL S. ANDERSON, plaintiff in error, *vs.* JAMES S. WILSON, defendant in error.

(BY TWO JUDGES.)—1. The first, second, third and fourth sections of the Act of 13th October, 1870, requiring the plaintiff in suits founded on debts contracted before the 1st of June, 1865, to prove that all legal taxes due thereon have been paid before he is entitled to a judgment, does not apply to the plaintiff in *fi. fa.* in a claim case, if the affidsvit is made, that justifies the levy, and the claimant cannot require proof unless he make an issue by a counter-affidavit, denying that the legal taxes have been paid.

2. In a claim case, the plaintiff in *fi. fa.* is a competent witness under the Evidence Act of 1866, Revised Code, 3798, notwithstanding the defendant in execution may have died or become insane. The defendant has no interest in the result of trial, except with the plaintiff. 12th February, 1872.

Claim. Party as witness. Relief Act of 1870. Before Judge PARROTT. Cobb Superior Court. October Term, 1871.

In September, 1861, Anderson obtained a judgment against Heggie, principal, and Husk, security, for $1,075 00, with interest from the 1st of January, 1861. The *fi. fa.* issued upon said judgment was levied in March, 1869, upon certain property as Husk's property. This was claimed by Wilson. In April, 1871, Anderson made an affidavit as to the payment of taxes as required by the Relief Act of 1870, and filed it in office. In October the cause was tried.

It was admitted that Husk had owned the property since the rendition of the judgment. Plaintiff's counsel read in evidence said *fi. fa.* and affidavit, and then offered Anderson, as a witness, to prove by him that he had paid all legal

taxes due on the debt. He was objected to upon the ground that Husk was insane. It was shown that Husk was "imbecile and wholly incapable, from a decay of mind, to transact any sort of business or to recollect transactions in the past." Thereupon the Court held Anderson to be incompetent to testify in his own behalf. And because no other evidence of the payment of taxes was offered, he dismissed the levy. Both these decisions are assigned as error.

LESTER & THOMSON, for plaintiff in error. Relief Act does not apply to claim cases. Anderson was competent, maugre Husk's insanity: 10 Ga. R., 568; 11th, 423.

IRWIN & ANDERSON, for claimant. The Relief Act does apply to claim cases. Anderson was not competent, Husk being insane: Revised Code, section 3798; 37 Ga. R., 118. Payment of taxes cannot be shown by oral evidence, (Revised Code, section 3707,) unless the written evidence is accounted for.

McCAY, Judge.

1. We do not think the first section of the Act of October 13th, 1870, applies to plaintiffs in fi. fa. on the trial of a claim case. That section, as well as the second, third and fourth sections of the Act clearly contemplates plaintiffs seeking a judgment upon their claim. The whole language is inapplicable to a claim case; it is the claimant who brings a claim case into Court, and if the action is to be dismissed, it would be the claim that would fall. The levy is an independent thing; it is legitimate and lawful, after the affidavit is filed according to the fifth section. The issue is upon the liability of the property levied on to the lien of the judgment. True, the claimant may show that the fi. fa. is discharged, but he cannot go behind the judgment. We will not say that the claimant might not, by denying the truth of the affidavit, open the question as provided in section fifth of

Anderson *vs.* Wilson.

the Act, since as he ·may do this as an independent thing, there would seem to be no good reason why he might not make it a part of his claim case. But we are clear that if the affidavit has been made so as to authorize the levy, the plaintiff has a right to *proceed with his levy,* unless he is met with a counter-affidavit.

2. The proceeding in a claim case is peculiar—the real parties are the plaintiff and the claimant. It is their rights alone that are settled by the verdict. The defendant, if he has any interest at all, is interested with the plaintiff. He is not a party in any substantial sense. His *admissions,* as a general rule, are inadmissible for either party; his death does not abate the proceeding. If the claimant were to prove the *fi. fa.* paid off, it would still stand open against the defendant; the verdict of the jury would be no evidence for him.

We do not, therefore, think the exceptions in the Evidence Act apply in case of the death or insanity of a defendant in *fi. fa.* in a claim case.

We should hesitate much before we should exclude the party from testifying upon the payment of taxes on his claim because of the death of his opponent. The issue cannot be fairly said to be on any matter arising, or on trial between them. It is a preliminary investigation collateral to the main issue and not made by the pleadings. It is, too, a matter known, in fact, in most cases only to the plaintiff and can be proven only by him.

For these reasons we think the Court erred in dismissing the levy.

Judgment reversed.