THE CENTRAL RAILROAD AND BANKING COMPANY OF GEORGIA, plaintiff in error, *vs.* JOHN J. CRAIG, defendant in error.

1. A person not a party to a suit, cannot move for a new trial therein, nor except to the judgment overruling the same.
2. Where the bill of exceptions was filed by one who was not a party to the suit, and there is nothing in the record to show that the real party at interest is dissatisfied with the rulings of the court made upon the trial, the bill of exceptions cannot be amended in this court so as to make such party the plaintiff in error.

Practice in the Supreme Court. Amendment. August Term, 1877.

. Reported in the decision.

LYON & NISBET, for plaintiff in error.

BACON & RUTHERFORD, for defendant.

WARNER, Chief Justice.

When this case was called on the docket for a hearing, the defendant in error made a motion to dismiss it, on the ground that the suit was commenced in the court below by the plaintiff therein against the Southwestern Railroad Company, and that the verdict was rendered against said company, of which it did not complain, but that the Central Railroad and Banking Company of Georgia, though not a party to said suit, had made a motion for a new trial in said case, which the court overruled, and the defendant, to-wit, the Central Railroad and Banking Company of Georgia, excepted thereto, it having no right to except or complain of a verdict and judgment which had been rendered against the Southwestern Railroad Company, and of which the latter company did not complain.

1. It appears, from an inspection of the record, that the suit of the plaintiff was against the Southwestern Railroad Company, and that process therein was served upon its president. The motion for a new trial is thus stated in the record: "John J. Craig vs. The Central Railroad and Banking Company of Georgia. Case, and verdict for plaintiff, in Bibb superior court. October term, 1877. And now comes the defendant, and moves the court to set aside the verdict in the above case and to grant a new trial, on the following grounds," etc. The 4251st section of the Code declares, that " either *party* in any civil cause in the superior courts of this state, may except to any sentence, judgment, or decision, or decree of such court. Such bill of exceptions shall specify plainly the decision complained of, and the alleged error, and shall be signed by the *party*, or his attorney, or solicitor." The Southwestern Railroad Company was *the party* to the cause in which the verdict and judgment was rendered in favor of the plaintiff, and it had the right, under the statute, to have excepted to the same, but did not do so. The Central Railroad and Banking Company of Georgia, not being a party to the cause in which the

plaintiff obtained his verdict, had no legal right to intervene and make a motion to the court to have that verdict set aside and a new trial granted, so far as is disclosed by the record, the more especially' as the party defendant in the cause in which the verdict was rendered, does not complain of it.

2. There being nothing in the record going to show that the Southwestern Railroad Company, the party defendant in the cause, was dissatisfied with the verdict rendered against it, or that it desired to have the same set aside, there is, therefore, nothing in the record by which the bill of exceptions can be amended, so as to substitute that company for the Central Railroad and Banking Company, the party complaining in the bill of exceptions.

Let the writ of error be dismissed.