THE SOUTHWESTERN RAILROAD COMPANY *vs.* CRAIG.

1. Mistake in naming the parties in a motion for a new trial, and in suing out a writ of error thereon, is not a good ground for entertaining an extraordinary motion for new trial at a subsequent term of the court; nor is such mistake a good ground for obtaining a new trial by bill in a court of equity.
2. Independently of the foregoing ruling, and of said mistake in the motion, the new trial was properly refused on the merits of the application therefor.

Practice in the Superior Court. New trial. Before Judge GRICE. Bibb Superior Court. October Term, 1878.

Craig brought case for injuries to his person against the Southwestern Railroad, and recovered judgment. A motion was made for a new trial, which was refused, and a writ of error taken. The Central Railroad leased the Southwestern Railroad, and was really the principal party in interest, though a distinct corporation and not a party on the record. When counsel for defendant made out the motion and the bill of exceptions, they were by mistake made in the name of the Central Railroad instead of the Southwestern Railroad. For this reason the writ of error was dismissed in the supreme court. The term of the superior court at which the case was tried having past, counsel made an extraordinary motion for new trial, giving the above facts as a reason for then moving. The judge who originally presided at the trial having died, and a new judge having succeeded him, and counsel failing to agree on the brief of evidence, defendant's counsel filed a bill in aid of this motion. The judge passed upon both, and refused the new trial. Defendant thereupon excepted.

R. F. LYON; LANIER & ANDERSON, for plaintiff in error, cited Code, §3721; 15 *Ga.*, 550; 10 *Ib.*, 143; 37 *Ib.*, 672; Supplement to 33 *Ib.*, 11.

BACON & RUTHERFORD, for defendant, cited Code, §§3483, 3494; 17 *Ga.*, 68; Supplement to 33 *Ib.*, 11; 3 Gra. & Wat.

on New Trials, 1520; 22 *Ga.*, 60; Code, §§3721, 674; 21 *Ga.*, 214.

JACKSON, Justice.

1. In this case a very natural mistake occurred in naming the parties, both in the motion for new trial and in making out the bill of exceptions. The Central Railroad Company had leased the Southwestern Railroad, and the two roads were really identical in interest, and employed for the most part the same counsel, the Central paying the fees. In a contest between Craig and the Southwestern, the name of the Central was used in the motion for new trial, and then on bill of exceptions to bring the case here, when the motion was denied by the superior court. These being two distinct entities—different persons in law—of course the bill of exceptions was dismissed. 59 *Ga.*, 185.

An extraordinary motion for a new trial was then made, and it was refused, and error is assigned on that refusal.

We do not think that the record shows such facts as make a case for the interposition of equity, or for the grant of a new trial at law as in case of an extraordinary motion under the Code.

2. But even if we did think so, our examination of the record shows a case on the merits against the railroad company in our judgment. So that the company is in no wise hurt by the very natural mistake made by the able and cautious counsel who represents it with so much zeal, energy, care and ability.

Judgment affirmed.