BOOTEN *et al vs.* THE BANK OF THE EMPIRE STATE,
for use.

1. Where an appeal was entered in due time by an agent under written authority, but such authority was not filed because it was lost, and subsequently the appellant ratified the action, the appeal will not be dismissed. Irregularities in appeals are curable.
2. If a security on an appeal bond becomes insolvent after appeal, reasonable time should be given to furnish new security.

Appeals. Principal and Agent. Principal and Surety. Before Judge BROWN. Floyd Superior Court. March Adjourned Term, 1881.

The Bank of the Empire State, for use, sued Booten *et al.* in a county court, and recovered a verdict against them. Sheibley, as agent for the defendants, entered an appeal. He had the written authority of Booten to do so, but lost it within a few days after its receipt, and before filing. At a subsequent term of court, and before trial, Sheibley filed in the clerk's office a written ratification by Booten of his action in entering the appeal. Between the time of entering the appeal and the trial, Sheibley, who was also the security on the appeal bond, became insolvent. On the trial, plaintiff moved to dismiss the appeal. One of counsel whose name appeared for Booten had notice of the intention to move to dismiss the appeal, but other counsel were subsequently employed, and neither he, Sheibley, nor Booten knew of the intention to make such motion. Counsel for Booten asked for a few days in which to give additional security. Time was refused, and the appeal was dismissed. Defendant excepted.

C. ROWELL; JOEL BRANHAM, for plaintiffs in error.

DABNEY & FOUCHE, for defendant.

JACKSON, Chief Justice.

1. We think upon the case made in this record that the court erred in dismissing the appeal. The motion to dismiss is grounded on two positions: first, that no authority was given to the agent to enter the appeal; and secondly, that the surety had failed and become bankrupt and insolvent.

There seems to be no doubt that the appeal bond was made in due time and executed by Sheibley, as agent for the principal debtor, and that he also signed it as surety. He swears that he had written authority from his principal, and was managing the case in his absence for him. That written authority was lost, and this will account for its not being filed. In view of the liberal policy of the law as uniformly ruled by this court on the subject of appeals, and of the subsequent ratification by the principal of the act of the agent, we think that the better ruling is to let the appeal stand, and to try the case on its merits, so far as this point is concerned. Irregularities in matters of appeal are curable. 63 *Ga.*, 496, 607.

2. The other point was perhaps good ground to dismiss the appeal without amendment, though Judge Benning doubted that; but the appellant asked leave to amend by having time to give new and good security. The former surety failed after the appeal was entered, and the application for a few days to supply his place, in view of all the facts, should have been granted. 18 *Ga.*, 371; 19 *Ib.* 573.

It is to be noted that when this case was here before, the general doctrine in respect to the liberal policy of our law touching appeals was approved, and the case was sent back because the *ex parte* affidavit of Sheibley, the agent, was heard on the motion, this court then ruling that the other side ought to have had opportunity to cross-examine him; but this court then expressly ruled that it did not direct that the appeal be dismissed. On the contrary, the intimation is strong that if his testimony showed that

the appeal was in time and that he had the written authority *in time* to enter the appeal, it ought not to be dismissed.

See cited by plaintiff in error.   1 *Kelly*, 278–9 ; 2 *Ib.*, 236; 6 *Ga.*, 94, 99; 10 *Ib.*, 414; 11 *Ib.*, 39; 15, *Ib.*, 110; 18 *Ib.*, 471 ; 20 *Ib.*, 69, 773; 22 *Ib.*, 621 ; 30 *Ib.*, 328; 31 *Ib.*, 357, 358,359; 38 *Ib.*, 222; 59 *Ib.*, 103, 598.

Judgment reversed.