### HUDSON *v.* HUDSON, administrator, *et al.*

Where an administrator with the will annexed presented to the superior court his petition for direction as to the will and the division of assets in his hands, and all the heirs at law were made parties defendant, one of them being the administrator's wife, and some of them demurred to the petition and the demurrer was sustained, and the administrator's wife made no answer or answer in the nature of a cross-bill to the petition, she had no right to a writ of error to the sustaining of the demurrer of her codefendants.
March 10, 1890.

Practice in Supreme Court.

Reported in the decision.

WIMBISH & GILBERT, by N. J. HAMMOND, for plaintiff in error.

McNeill & Levy, Hillyer & Brother, Goetchius & Chappell, Peabody, Brannon & Hatcher and W. A. Little, *contra*.

Simmons, Justice.

John F. Hudson, administrator *de bonis non cum testamento annexo* of the estate of Henry Lockhart, presented his petition to the superior court of Muscogee county, against the heirs at law of said Henry Lockhart, and asked the court for direction as to the construction of the will of Henry Lockhart, and how the assets in his hands were to be divided. Among the heirs at law against whom the petition was filed was Mary C. Hudson, the wife of John F. Hudson, the administrator. All the heirs were made parties defendant. Certain of the defendants demurred to the petition on the ground that the allegations therein did not entitle complainant to the bill of interpleader, or to any direction as to the distribution of the assets in the hands of the administrator, and that the facts set forth in the petition did not entitle complainant to the relief sought, or to any relief in law or equity. Mrs. Hudson, the plaintiff in error here, filed no answer to the petition, nor any answer in the nature of a cross-bill. The demurrer was sustained by the court, whereupon Mrs. Hudson filed her bill of exceptions to the ruling of the court, assigning the judgment of the court sustaining the demurrer as error.

Counsel for defendants in error filed a motion to dismiss the case, but before the argument proceeded, withdrew the same. During the argument of the case on the merits, the court was informed that Mrs. Hudson, the plaintiff in error, was one of the defendants in the court below, and that the demurrer made by her co-defendants was sustained by the court. Whereupon the court stopped the argument upon the merits of the case and dismissed it, holding that as Mrs. Hudson was

one of the defendants to the petition, and as she did not file any answer, or answer in the nature of a cross-bill, claiming any relief in opposition to her codefendants, and the court having dismissed the petition of the administrator upon the demurrer of some of the defendants, she had no right to sue out a writ of error in the case, because she was the prevailing party.

The writ of error was therefore          *Dismissed.*