## HEAD *v.* MARIETTA GUANO COMPANY.

124  983
130  813

1. A bill of exceptions alleged, that from a judgment in a justice's court a person not a party sought to enter an appeal in his own name; that the court allowed the appeal to be amended by adding, "for the use of" one of the parties; that when the case came on for trial the appellee moved the court to dismiss the appeal, on the ground that it was not made or entered in the name of the adverse party in the justice's court, but by a third party; that another amendment was then offered, striking the name of the original appellant and the words, "for the use of," so that the case on appeal should proceed in the name of the party who had been previously added by amendment as a useé; that counsel making the motion stated in his place that he was counsel in the court below, that the original appellant was the agent of the plaintiff in that court and assisted in the trial, that the attorney entered the appeal for the plaintiff, that by reason of the person named being present and participating in the trial the attorney confused the name in his mind and by inadvertence wrote the name of such person in the appeal, and that this was the identical case appealed; that "upon this statement by appellant's attorney the court overruled said motion to dismiss said appeal and allowed the plaintiff in fi. fa. to amend said appeal a second time by striking from said original appeal and the amendment thereto the words above indicated, and allowed the case to proceed in the name of the plaintiff in execution; to which ruling and allowance of said amendment the claimant excepted, and now excepts and assigns the same as error." *Held,* that the writ of error will not be dismissed *for want of* sufficient assignment of error in the bill of exceptions. *Phillips v. Southern Ry. Co.,* 112 *Ga.* 197.

2. Direct exception may be taken to the refusal of a judgment which, had it been granted, would have been final and have terminated the case in favor of the movant.

3. The proper practice is for the bill of exceptions to set out the evidence necessary to be brought up to this court, or to refer to it if there is a brief of evidence filed; or if no evidence was introduced, or the ruling excepted to was the dismissal or refusal to dismiss a case on demurrer, or was of like character, so that no evidence is necessary to an adjudication of it, to so state.

4. But where a bill of exceptions shows, that a motion was made to dismiss a case, that adverse counsel made a certain statement in his place, which is set out, and that thereupon the court allowed an amendment and overruled the motion to dismiss, to which rulings exception was taken, the bill of exceptions will not be dismissed because it is not stated in terms that no other evidence was introduced or is necessary to be incorporated in the bill of exceptions, or other reference is made thereto. *Taylor v. McLaughlin,* 120 *Ga.* 703.

5. Where a case was tried in a justice's court, and a person who was not a party on either side undertook to enter in his own name an appeal from the judgment rendered, and gave bond for that purpose, such an appeal could not be changed into one by a party to the case by first inserting by amendment, after the name of the appellant, the words "for the use

of" such party, and afterwards striking the name of the appellant and those words, so as to make it an appeal by the party.

6. An appeal having been entered in the manner indicated in the preceding note, on motion of the appellee it should have been dismissed, and the amendment seeking to change the appellant rejected.

Submitted January 23,—Decided February 19, 1906.

Appeal. Before Judge Bartlett. Haralson superior court. January 19, 1905.

An execution issued from a justice's court in favor of the Marietta Guano Company against J. H. Head. It was levied on certain personal property, and a claim was interposed by W. H. Head. The case was returned to the justice's court for trial, and a judgment rendered finding the property not subject. No appeal was entered by the plaintiff in execution, but an appeal was sought to be entered by one Phillips. The case was stated as that of Joel Phillips, plaintiff in fi. fa., *v.* J. H. Head, defendant in fi. fa., and W. H. Head, claimant. It was stated that "plaintiff Joel Phillips, being dissatisfied with said judgment, and having paid the cost, now, within the time allowed by law, demands an appeal to the superior court, and brings ———— and tenders him as his security; and the said Joel Phillips as principal, and ———— as security, hereby acknowledge themselves bound to the claimant W. H. Head, for the eventual condemnation-money in said case, whatever it may be." This was signed by Joel Phillips as principal, and J. R. Griffith as security. In the superior court the attorney for the plaintiff in fi. fa. offered to amend the appeal by adding after the words "Joel Phillips," wherever they appeared, the words "for the use of the Marietta Guano Company," so that said appeal should appear on the docket and proceed as "Joel Phillips for the use of the Marietta Guano Company, plaintiff in fi. fa., *v.* J. H. Head, defendant in fi. fa., and W. H. Head, claimant." This amendment was allowed. When the case came on for trial a motion was made to dismiss the appeal. What then occurred, the ruling of the court, and the exception taken appear in the first headnote.

*W. R. Hutcheson,* for plaintiff in error.
*Griffith & Weatherly,* contra.

LUMPKIN, J. (After stating the facts.) An appeal bond is amendable. Civil Code, § 5123. Where the clerk of the superior court made a mistake in writing the Christian name of an appellant,

it was held amendable. *Chappell* v. *Smith,* 17 *Ga.* 68. Indeed, great latitude of amendment has been allowed in perfecting appeals which were entered by the proper party but in an irregular manner. *Hendrix* v. *Mason,* 70 *Ga.* 523; *Selma, Rome & Dalton R. Co.* v. *Gammage,* 63 *Ga.* 604. But this latitude has never reached the point where it has been held that a party who did not except to a judgment could do so afterward by amendment, or that an appeal by one person could be changed by amendment into an appeal by another. The Marietta Guano Company never appealed at all. The appeal entered did not mention them, nor did Phillips purport to be entering it for them. By mistake Phillips appealed from a judgment against his employer. The security on the appeal never contracted to become security for the guano company, but only for Phillips. The amendment left a new appellant, with no bond. It may have been an unfortunate oversight that a person attempted to enter an appeal who had no authority in law to do so; but it is beyond the reach of amendment, even under our liberal system, to entirely change the appellant. Nor can this be accomplished by first inserting the desired appellant as the usee and then striking the real appellant and leaving the usee to stand alone. See *Morgan* v. *Cohutta,* 120 *Ga.* 423; *Arnold* v. *Wells,* 6 *Ga.* 380. The writer is aware of but one instance in which this compound method of amendment was proposed, and then it was held not to be permissible. *Norris* v. *Pollard,* 75 *Ga.* 358 (4, 5). A somewhat similar misfortune befell eminent counsel in moving for a new trial and bringing the case to this court in *Central Railroad* v. *Craig,* 59 *Ga.* 185. A verdict was rendered against the Southwestern Railroad Company. A motion for a new trial was made in the name of the Central Railroad and Banking Company of Georgia. Upon its refusal the movant excepted. The writ of error was dismissed, and an amendment was refused. Later the Southwestern Railroad Company made an extraordinary motion for a new trial, and also filed a bill in equity praying for a new trial; but it was held that there was no good ground for either, although it appeared that the Central Railroad and Banking Company was the lessee of the Southwestern Railroad and was the real party principally interested, and that when counsel made out the motion for a new trial and the bill of exceptions, they were by mistake made in the name of the lessee

company instead of in that of the lessor. *Southwestern Railroad Co.* v. *Craig*, 62 *Ga.* 361.

The questions of practice in this court are sufficiently dealt with in the headnotes. *Judgment reversed. All the Justices concur.*