## BIBB BRICK COMPANY *v.* CENTRAL OF GEORGIA RAILWAY COMPANY.

1. On appeal from proceedings to condemn private property for public purposes, no bond is necessary.
2. Such appeal may be entered by the appellant's attorney.

No. 1842.　FEBRUARY 16, 1921.

Certiorari; from Court of Appeals. 24 *Ga. App.* 640.

*John R. L. Smith, Grady C. Harris,* and *Ross & Ross,* for plaintiff in error.

*Jordan & Moore* and *Thomas S. Felder,* contra.

FISH, C. J. The case is in this court by certiorari to the Court of Appeals. That court made the following rulings:

" SMITH, J.　1. A party who is dissatisfied with the award in condemnation proceedings which have been instituted to assess the damages to private property taken for public use, and who desires to appeal from the decision of the assessors to the superior court, is not required to give bond for the eventual condemnation-money as in case of other appeals. *Alderman* v. *Valdosta &c. R. Co.,* 9 *Ga. App.* 526 (71 S. E. 931).

" 2.　Where, in condemnation proceedings instituted to assess the damage to private property taken for public use, the condemnor desires to appeal from the decision of the assessors to the superior

court, an appeal entered by the attorneys at law for the condemnor is good in law. Civil Code, § 4955.

"3. Under the above rulings the court erred in dismissing the appeal."

1. Upon due consideration we are of the opinion that the rulings made by the Court of Appeals are correct. The reasoning of Judge Russell in the case cited (9 *Ga. App.,* supra), in support of the ruling that no bond is necessary on appeal in condemnation proceedings, is convincing and entirely satisfactory. The act of 1894 (Acts 1894, p. 95, Civil Code of 1910, § 5206 et seq.) provided a uniform method of exercising the right of condemning, taking, or damaging private property for public use, and expressly repealed all laws or parts of laws in conflict with it. (*Savannah, Florida & Western Ry. Co.* v. *Postal Tel. Co.,* 115 *Ga.* 554, 42 S. E. 1; *Alexander* v. *City Council of Augusta,* 134 *Ga.* 849, 68 S. E. 704; *O'Dowd's Sons & Co.* v. *City Council of Augusta,* 141 *Ga.* 748, 82 S. E. 148), including so much of the act of 1892 (Acts 1892, p. 37), for the incorporation of railroad companies, as (in the eleventh section) provided that where in condemnation proceedings the railroad company should appeal, "it shall give bond and security for the payment of the amount rendered upon the final hearing of said case." This part of the act of 1892 was therefore properly omitted from the Codes of 1895 and 1910, wherein the following provision is made in lieu thereof: "When the compensation [for disputed right of way, etc.] is not otherwise agreed upon, it shall be assessed and determined in the manner provided in this Code" (Code of 1910, § 2588), evidently referring to the uniform manner provided for in §§ 5206 et seq., wherein there is no requirement for the giving of a bond in case of appeal.

In *Potts* v. *City of Atlanta,* 140 *Ga.* 431 (79 S. E. 110), the municipality appealed in a condemnation proceeding from the award of assessors. "A motion was made to dismiss the appeal, on the grounds, that no exceptions to the award were filed by the city and no demand for an appeal; that the bond was signed by the assistant city attorney, who was without authority to sign it; and that no appeal could be taken by the city without corporate action." The question whether an appeal bond was necessary in the case was not made, nor was it decided, although it was ruled that the appeal was "duly entered upon the city's filing with the clerk of the su-

perior court, within the statutory time, a bond. for the eventual condemnation-money, containing a recital of the proceedings and the result thereof, and of a desire to appeal from the award to the superior court," and that such bond might be executed and the appeal entered by the attorney at law of the city, and that no municipal action was necessary to authorize the appeal.

2. No further citation is necessary to sustain the second ruling made by the Court of Appeals than Civil Code, § 4955, cited by that court, which expressly authorizes an attorney to enter an appeal for his client " in any action or proceeding."

3. The judgment of the Court of Appeals is *Affirmed*.

*All the Justices concur.*