27641, 27666. ARNOLDSVILLE TRADING COMPANY *v.*
BROTHERTON *et al.;* and *vice versa.*

DECIDED SEPTEMBER 20, 1939. REHEARING DENIED DECEMBER 16, 1939.

*H. G. Skelton, Williams & Freemen,* for plaintiff in error.
*Noah J. Stone, John L. Cone,* contra.

GUERRY, J. W. M. Brotherton et al. foreclosed a distress warrant against Speed Oil Company, a corporation, and had the same levied upon certain described property. Arnoldsville Trading Company filed a claim to said property. The claim case came on for trial and resulted in a verdict against the claimant on January 19, 1939. Speed Oil Company filed a motion for new trial in said case on January 23, 1939. On February 25 Arnoldsville Trading Company filed the following motion: "Now comes the Arnoldsville Trading Company and shows that the orginal motion for new trial in this case was filed for the benefit of and in behalf of movant, it being the party against whom a judgment was had, and moves the court to allow it to substitute its name as movant in said original motion for new trial." The court passed the following order thereon: "The foregoing amendment is allowed and ordered filed." Before proceeding with the hearing of the motion for new trial W. M. Brotherton filed his motion to dismiss the motion for new trial setting up the facts above stated and alleging that Speed Oil Company "not being a party to said cause can not make a motion for new trial." The court overruled this motion to dismiss the motion for new trial, and heard and determined the claim case on its merits and overruled the motion for new trial. In the main bill of exceptions the claimant excepts to the order of the court overruling its motion for new trial, and Brotherton et al. have filed a cross-bill complaining of the action of the court in overruling their motion to dismiss the motion for new trial.

The court should have dismissed the motion for new trial. In the case of *Anderson* v. *Wilson,* 45 *Ga.* 25, it is said: "The proceeding in a claim case is peculiar—the real parties are the plaintiff and the claimant. It is their rights alone that are settled by the verdict. The defendant, if he has any interest at all, is interested with the plaintiff. He is not a party in any substantial sense." "A person not a party to a suit can not move for a new trial therein, nor except to the judgment overruling the same." *Central R. & B. Co.* v. *Craig,* 59 *Ga.* 185. In *Southwestern R. Co.* v. *Craig,* 62 *Ga.* 361, it is said: "Mistake in naming the parties in a motion for a new trial, and in suing out a writ of error thereon, is not a good ground for entertaining an extraordinary motion for new trial at a subsequent term of the court; nor is such mistake a good ground for obtaining a new trial by bill in a court of equity." See *Wood* v. *Turner,* 147 *Ga.* 94 (92 S. E. 878); *Exchange Bank of Macon* v. *Freeman,* 89 *Ga.* 771 (15 S. E. 693). "The defendant in execution is not a party to a statutory claim case, where the only issue made is the ordinary one between the plaintiff in execution and the claimant. *Anderson* v. *Wilson,* 45 *Ga.* 27; *Central Bank* v. *Georgia Grocery Co.,* 120 *Ga.* 883, 884 (48 S. E. 325)." *Brooks* v. *Winkles,* 139 *Ga.* 732 (3) (78 S. E. 129). See also *Foster* v. *Haynes,* 88 *Ga.* 240 (14 S. E. 570).

The defendant in fi. fa., Speed Oil Company, so far as appears from the record in this case, did not contest the levy. It was not in any substantial sense a party to the claim case. The plaintiff and the claimant were the parties to the trial in the claim case. The motion to substitute the claimant in the place of the defendant in the motion for new trial states: "it being the party against whom the judgment was had," and alleges that the defendant filed such motion in its behalf and for its benefit. Speed Oil Company was not a party to the claim case and could not file a motion for new trial therein. Any motion filed by it amounted to a nullity. It appears from the record that the verdict was returned January 19. If the motion to substitute filed by the claimant on February 25 be treated as a motion for new trial, it was more than thirty days after the rendition of the verdict and was too late. *Hill* v. *O'Bryan,* 104 *Ga.* 137, 141 (30 S. E. 996); *Peavy* v. *Peavy,* 167 *Ga.* 219 (145 S. E. 55); Code, § 70-301.

The original motion filed by Speed Oil Company, being a nullity,

372

was not amendable. The motion filed by the claimant was filed considerably more than thirty days after the verdict and the court was without jurisdiction to hear it. The case is reversed on the cross-bill of exceptions and the main bill therefore will be dismissed.

*Judgment reversed on the cross-bill of exceptions. Writ of error on main bill dismissed. Broyles, C. J., and MacIntyre, J., concur.*

ON MOTION FOR REHEARING.

GUERRY, J. The plaintiff in error also assigns error on its exceptions pendente lite. These complain that the court overruled its motion to dismiss the levy because it claimed it had shown by documentary evidence that the legal title to the property levied on was not in the defendant in fi. fa. It had admitted a prima facie case at the beginning and assumed the burden. "Where property has been levied on and a claim interposed, the claimant can not, for the purpose of protecting the property, show paramount title in a third person. . . A person who may have title to property or an interest therein, when a levy is made upon it, must interpose a claim in his own name, and can not defeat the levy by authorizing or directing an agent to file a claim as the owner." *Rowland v. Gregg & Son,* 122 *Ga.* 819, 821 (50 S. E. 949), and cit. Moreover, the validity of these purported bills of sale were in issue before the jury. The court did not err in denying the motion to dismiss the levy.

*Rehearing denied. Broyles, C. J., and MacIntyre, J., concur.*