### 19560.   STRANGE *v.* SLOMAN *et al.*

HAWKINS, Justice.   1.   "A paper purporting to be a bill of exceptions, properly certified by the trial judge, but not signed by the plaintiff in error or his counsel, is not a legal bill of exceptions, confers no jurisdiction of the case upon this court, is not amendable to correct the defect, and will be dismissed with or without motion for that purpose." *Bennett* v. *Bainbridge Farm Co.,* 173 *Ga.* 856 (162 S. E. 134).

2.  In the oral argument counsel for the plaintiff in error, while admitting that the bill of exceptions was not signed, contended that the court should accept in lieu thereof his signatures appearing elsewhere.   This court has held that "The indorsement of the name of the attorney on the back of the bill of exceptions is not such signing it as is contemplated and required by the Code." *Brand* v. *Garrett,* 62 *Ga.* 165.   See also *O'Connell Bros.* v. *Friedman, Keiler & Co.,* 117 *Ga.* 948 (43 S. E. 1001).   Accordingly, the two signatures of counsel, one following the notice of intention to present "a bill of exceptions" to the trial judge, and the other following the certificate by counsel that the "foregoing notice" had been served upon the attorney of record for the defendants in error, were merely a compliance with Code (Ann. Supp.) § 6-908.1, and cannot be considered as a compliance with Code § 6-901, which provides that a bill of exceptions "shall be signed by the party or his attorney."

3.  The document in the present record purporting to be a bill of exceptions, while certified by the trial judge, was not signed by the plaintiff in error or his counsel as required by Code § 6-901, and the writ of error must be dismissed. *Kyle* v. *Huiet,* 193 *Ga.* 202 (17 S. E. 2d 745).

*Writ of error dismissed.   All the Justices concur.*

ARGUED JANUARY 14, 1957—DECIDED FEBRUARY 11, 1957.

*Marson G. Dunaway, Jr.,* for plaintiff in error.
*Cecil D. Franklin,* contra.