## 37994. STATE HIGHWAY DEPARTMENT *et al.* v. SUMNER *et al.*

August 20, 1959.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, S. B. McCall,* for plaintiffs in error.

*Hugh D. Wright, Maxwell A. Hines, Edward Parrish,* contra.

BELL, Judge. The main question in this case is whether the court properly dismissed the appeal from the award of the assessors in a condemnation proceeding filed by the State Highway Department of Georgia. The grounds of the motion to dismiss are as follows: "Said appeal purporting to have been filed in behalf of the condemnor, State Highway Department of Georgia, shows on its face as a matter of law that the same was not filed by the said State Highway Department of Georgia, and was not filed by any person or attorney authorized by law

to so act for the State Highway Department of Georgia in the filing of said appeal.

"The alleged appeal purported to have been filed on the said 5th day of May, 1959, by 'S. B. McCall, Attorney for State Highway Department of Georgia,' was and is, a nullity in that the said S. B. McCall was not on the said 5th day of May, 1959, an Attorney-General, Assistant Attorney-General, Deputy Assistant Attorney-General or other member of the staff of the Department of Law of the State of Georgia, having authority to act for or in behalf of the State Highway Department of Georgia, nor was the said S. B. McCall on the said 5th day of May, 1959, a Deputy Assistant Attorney-General appointed by the Governor of the State of Georgia to so act in the filing of said appeal, for and in behalf of the State Highway Department of Georgia as provided for by law and as specifically provided for under Section 40-1614, Code of Georgia Annotated." S. B. McCall was placed on the stand by the condemnees as agent of the Highway Department for the purpose of cross-examination. (What effect this admission of the fact that S. B. McCall was an agent of the Highway Department might have on this case is not determined as the ruling is based on other considerations.) He testified that he was County Attorney for Cook County on the date he filed the appeal; that he was not on that date the Attorney-General nor an Assistant Attorney-General nor a special counsel appointed pursuant to the last proviso in *Code Ann.* § 40-1614. At this point we insert a part of the contract between the Highway Department and Cook County with reference to this and other condemnation proceedings in Cook County. "The county will prepare at no expense to the Department all condemnation suits and pleadings, prosecute said suits to judgment in the name of the State Highway Department of Georgia and will furnish necessary legal services to defend the Department in any and all suits arising out of or resulting from acquisition of said rights-of-way whether secured by gift, deed, easement, condemnation or otherwise, and will appeal any condemnation awards which are determined by the Department to be excessive." S. B. McCall further testified that at the time the contract, from which the

above is quoted, was entered into Virgil B. Griffis was County Attorney for Cook County; that the Attorney-General, acting through Paul Miller, an Assistant Attorney-General, empowered the said Griffis as County Attorney to file such proceedings in the name of the Department and to sign the names of the Attorney-General and Mr. Miller thereto along with that of the said Griffis as County Attorney, all as attorneys for the State Highway Department; that in February of 1959 Griffis resigned as County Attorney for Cook County and that he, S. B. McCall, was appointed County Attorney and was instructed by the county commissioners to carry out the commitments of the county to provide legal services and to file the condemnation suits in the name of the State Highway Department of Georgia; that thereafter he visited the office of Paul Miller and was instructed by him to carry out the commitments of the county and to exercise the authority given to Griffis by letter of October 8, 1958.

This letter is as follows: "Mr. Virgil B. Griffis. County Attorney, Cook County. Adel, Georgia. Re: Project I—401-1 (3), Cook County. Dear Mr. Griffis: This will be your authority to file condemnation proceedings in the name of the State Highway Department of Georgia for the acquisition of any parcels on the above project, where such proceedings are necessary because of inability to satisfactorily negotiate, or because of the condition of the title. You are authorized to sign the name of Honorable Eugene Cook, Attorney-General, and the name of E. J. Summerour, and the undersigned, both as Assistant Attorneys-General, along with yours as attorneys for the condemnor. We understand the Right of Way Department will furnish you the necessary forms. Yours very truly, Paul Miller, Assistant Attorney-General."

Mr. Paul Miller stated in his place that he and the Attorney-General ratified all the acts and doings of Mr. McCall in the case. The motion by the State Highway Department to have Mr. McCall enter, nunc pro tunc, the names of the co-counsel on the appeal was denied and, as stated, the appeal was dismissed because of Mr. McCall's lack of authority.

■ *Code Ann.* § 40-1614 does-not prohibit the Attorney-Gen-

eral from accepting legal services from a county attorney under the facts of this case for which services the State is under no obligation to pay. The condemnation proceeding could have been instituted in the name of the county itself. In fact, the proceeding was brought by the county in the name of the State Highway Department. Mr. McCall's assistance in the case in other respects was never objected to or questioned. We think that under the contract and other circumstances Mr. McCall had authority, actual as well as implied, to sign the appeal as attorney for the department.

■ *Code* § 6-104 provides: "An appeal may be entered by the plaintiff or defendant in person, or by his attorney at law or in fact, and if by the latter, he must be authorized in writing, which authority shall be filed in the court in which the case is pending at the time such appeal is entered; but if it shall be shown to the court that such authority exists, such court may allow a reasonable time to file the same, or such appeal shall be dismissed and execution issue without further order; if such authority shall not be filed within the time allowed, a ratification of an appeal unauthorized, if made in writing, and filed in the clerk's office before the next term of the court, shall render the appeal valid." Even if Mr. McCall was not as an attorney at law authorized to act for the department, he was at least one who in fact purported to act as agent for the department in filing the appeal. It is true that his written authority to so act was not filed with the appeal but his act was ratified by the Attorney-General and this dispensed with the necessity of the presence of the written authority. *Scranton v. Demere*, 6 Ga. 92; *Booten v. Bank of The Empire State*, 67 Ga. 358. The same cases, it seems to us, are authority for the proposition that the court erred in refusing to allow Mr. McCall to add to the signature to the appeal the names of the Attorney-General and Mr. Miller.

The court erred in refusing to allow the appeal to be amended nunc pro tunc and in dismissing it.

*Judgments reversed. Felton, C. J., and Nichols, J., concur.*