41335. STATE HIGHWAY DEPARTMENT v. HESTER et al.

ARGUED JUNE 7, 1965—DECIDED JULY 8, 1965.

*Eugene Cook*, Attorney General, *Richard L. Chambers*, *James Horace Wood*, *Horace Campbell*, Assistant Attorneys General, *William Malcolm Towson*, for plaintiff in error.

*Jones & Douglas*, *Paul J. Jones, Jr.*, *Eric L. Jones*, contra.

FELTON, Chief Judge. An appeal from the award of assessors in a condemnation proceeding by the State Highway Department under the provisions of *Code Ch.* 36-11 is available upon like terms and conditions in all respects as those allowed under the provisions of *Code Ch.* 36-6. *Code* § 36-1110. Such an appeal is a de novo investigation. *Central Ga. Power Co. v. Cornwell*, 139 Ga. 1, 6 (3) (76 SE 387, AC 1914A 880). "While, strictly speaking, our condemnation procedure, by appointment of commissioners to appraise the land, is in the nature of an inquest to ascertain its value, and not a suit at law in the ordinary sense of the term, still, as the statute provides for an appeal from the award of assessors to the superior court, it

then takes the form of a judicial proceeding between the condemnor and the condemnee, and *the controversy is governed by the rules applicable to ordinary suits* in that jurisdiction. Boom Company v. Patterson, 98 U. S. 403 (25 LE 206)." (Emphasis supplied.) *Western Union Tel. Co. v. Western &c. R. Co.,* 142 Ga. 532, 535 (83 SE 135); *Georgia Power Co. v. Lightfoot,* 97 Ga. App. 330 (1) (103 SE2d 99). The case of *State Hwy. Dept. v. Noble,* 220 Ga. 410 (139 SE2d 318), as we understand it, is not authority to the contrary. The *Noble* case merely held that such proceedings are not suits within the purview of *Code* §§ 3-512, 85-1802, or *Code Chapters* 81-1 and 81-2, and did not hold that the rules as to amendments, as set out in *Code Chapters* 81-12 and 81-13, are not applicable to such proceedings. This court has sanctioned the liberal construction of *Code* § 36-601, with respect to the time of filing appeals, in order to promote the ends of justice. *Hodges v. South Ga. Natural Gas Co.,* 111 Ga. App. 180 (2) (141 SE2d 182).

Although *Code* § 6-104, pertaining to the general law of appeals, does not specifically require the entry of appeal to be executed, or even in writing (which latter is required by *Code* § 36-601), such has been the practice recognized by the bar and the courts, based upon the implicit meaning of the statute. Certainly it would seem to be the better practice to require the signature, especially in the case of proceedings to condemn private property for public purposes, in which no bond is required, *Bibb Brick Co. v. Central of Ga. R. Co.,* 151 Ga. 83 (1) (105 SE 833), inasmuch as the signature serves the purpose of certifying that the appeal has been entered by the one who purports to enter it and to identify him as one who has, or does not have, authority to enter the appeal. The intention of the appellants in the present case to comply with this practice is evidenced by the fact that designated spaces were provided on the entry of appeal for each of the persons authorized to sign, but the signatures were inadvertently omitted.

Assuming without deciding, then, that the signature is required, what is the effect of the failure of the appellants to sign their entry of appeal? The "general law in regard to amendments pervades our entire system of jurisprudence, and *will be*

*applied to all appeal papers* where the party in good faith enters an appeal though irregularly, and no harm has resulted to the other party. [citations]." (Emphasis supplied.) *Selma, Rome &c. R. Co. v. Gammage,* 63 Ga. 604, 607 (1); *Kimbrough v. Pitts,* 63 Ga. 496 (3); *Booten v. Bank of the Empire State,* 67 Ga. 358; *Hendrix v. Mason,* 70 Ga. 523. "Indeed, great latitude of amendment has been allowed in perfecting appeals which were entered by the proper party but in an irregular manner." *Head v. Marietta Guano Co.,* 124 Ga. 983, 985 (53 SE 676). This is in accordance with the liberal policy of our law with regard to amendments, as set out in *Code Chapters* 81-12 and 81-13 and Title 6, under which amendments have been allowed in a wide variety of pleadings and processes. For some cases in which the courts have allowed amendments adding the required attorney's signature to pleadings, see: *Currie v. Deaver,* 1 Ga. App. 11 (57 SE 897) (plea); *Brooke v. Lowry Natl. Bank,* 141 Ga. 493 (2) (81 SE 223) (petition); *Carter v. Atkinson,* 12 Ga. App. 390 (2) (77 SE 370) (petition). In *Holston Box &c. Co. v. Holcomb,* 30 Ga. App. 651 (118 SE 577), this court held that, where the affixing on the entry of appeal of the name of the corporation purporting to enter the appeal was by a person not identified as one authorized to enter the appeal in behalf of the corporation, such appeal was properly dismissed and that an offer to amend the entry of appeal by showing that the signer was the general manager of the corporation was insufficient since it did not appear that such general manager was one of the parties authorized by law to enter the appeal. The court also upheld the lower court's disallowance of an offer to amend by having the corporation's attorney of record in the lower court sign the entry of appeal, holding that this was in reality an offer to re-execute the entry of appeal. This case is distinguishable from the case at bar by the fact that the entry of appeal was there signed, whereas the present entry of appeal designated the officers who were entering the appeal but did not contain their signatures. The court in the *Holston* case went on to reaffirm the right of amendment of appeals after affirming the dismissal of the appeal by allowing the appellant to amend, if possible, to meet the requirements of the relevant statutes. In the case of

*State Hwy. Dept. v. Sumner*, 102 Ga. App. 1, 4 (115 SE2d 787), this court held that the lower court erred in refusing to allow an amendment adding the signatures of the Attorney General and an Assistant Attorney General to the entry of appeal by an agent of the State Highway Department, whose signature on the entry of appeal was held to be authorized.

It is true that our courts have limited the right of amendment of appeals to the extent of holding unsigned bills of exceptions not to be amendable. *Bennett v. Bainbridge Farm Co.*, 173 Ga. 856 (162 SE 134); *Strange v. Sloman*, 213 Ga. 14 (1) (96 SE2d 610). The case of *Currie v. Deaver*, 1 Ga. App. 11, 12 (1), supra, which upheld the allowance of an amendment to sign an unsigned plea, stated as follows: "Ordinarily the failure of a party or his counsel to subscribe his pleadings, duly filed, is such a defect as may be waived, and therefore may be cured by amendment. . . Under our system of pleading and practice, the liberality as to amendments, applicable in cases of ordinary pleadings, has never been extended to bills of exceptions." This is apparently "based upon the fact that, unless a paper purporting to be a bill of exceptions was signed at the time it was certified, this court has no jurisdiction to consider the same. Again, the refusal of this court to permit an amendment of an unsigned bill of exceptions is put upon the ground that there is no law providing for such amendment. [citations] But whatever may be the true reason for the ruling, it is now settled that an unsigned bill of exceptions can not be amended by attaching the signature of counsel, either before or after the case reaches this court. By like reasoning, it may be asserted that an unsigned accusation can not be so amended. We think, however, that *the cases dealing with unsigned bills of exceptions are sui generis, and should not be extended.*" (Emphasis supplied.) *Cook v. Walker*, 161 Ga. 551, 553 (131 SE 288). The *Cook* case, supra, is even stronger authority for our present holding in that, there, the name of the signer did not appear either in writing, printing or typing, but the space where his name should have appeared was left blank, whereas in the case at bar there were not only spaces for the names, but ruled lines with the titles of those authorized to sign typed underneath. See also *Byrd v. State*, 72 Ga. App. 840, 842 (1) (35 SE2d 385).

56

"Where the amount of the assessors' award is paid into the registry of the court, and thereafter paid to the condemnee, the condemnee is not precluded, by receiving the money, from attacking the validity of the appeal or moving that it be dismissed." *State Hwy. Dept. v. Taylor,* 216 Ga. 90 (2) (115 SE2d 188). (This court is of course bound by the above ruling of the Supreme Court. The writer, with all due respect, speaking for himself alone, does not agree with the ruling for the reason that for the money deposited by a condemnor to become the property of the condemnee there must be a valid appeal of which the deposit is a sine qua non. If there is no valid appeal the money deposited does not belong to the condemnee but remains the property of the condemnor and can be withdrawn, forcing the condemnee to seek other moneys of the condemnor by execution or otherwise. If money deposited without an appeal is permitted to be drawn down by the condemnee it is a matter of grace and convenience. In my opinion, if a condemnee draws the whole or part of money deposited in the registry of the court, such act estops the condemnee from questioning the validity of the appeal.) "Whether the condemnee might be 'legally entitled to a dismissal of the appeal for any reason' would depend upon the reason advanced for the dismissal." *State Hwy. Dept. v. Sumner,* 216 Ga. 92 (3) (115 SE2d 189). Since we have held above that the defect in the entry of appeal was amendable, it follows that the court erred in refusing to allow the amendment and in dismissing the appeal.

*Judgment reversed. Jordan and Deen, JJ., concur.*