23415. BIVENS v. TODD.

Argued April 11, 1966—Decided April 19, 1966.

*Henry Heffernan, Randall Evans, Jr.,* for appellant.
*Louis Saul,* for appellee.

Almand, Justice. Mrs. Frank Todd brought a petition in the Superior Court of Columbia County against Raymond Bivens, as executor of the estate of J. C. Bivens, and Mrs. J. C. Bivens, seeking to eject the defendants from certain property. The record shows that a judgment was entered on October 28th, 1965, in which it is stated that "on motion of defendant, Raymond Bivens, executor of the estate of J. C. Bivens, the court directed a verdict in favor of said defendant on the ground that the estate of J. C. Bivens had not been properly made a party to said case and that no evidence had been introduced showing that Raymond Bivens was in possession of or claimed possession of the property.

. . ." This judgment also recites that the jury found for the plaintiff and against the other defendant, Mrs. J. C. Bivens.

The record also shows that subsequently to the October judgment, Mrs. J. C. Bivens filed her motions for judgment notwithstanding the verdict and a new trial and an amended motion for a new trial. On February 16, 1966, the court overruled the motion for judgment notwithstanding the verdict and refused a new trial. A notice of appeal was filed on February 16th, 1966, which reads as follows: "Notice is hereby given that Raymond Bivens, defendant in the above stated matter, hereby appeals to the Supreme Court of Georgia from the judgment entered in this action on the 16th day of February, 1966." The notice further said "this defendant had filed a motion for judgment notwithstanding the verdict; and had filed a motion for a new trial, which was amended, and said judgment herein appealed is that judgment of February 16, 1966, overruling his motion for judgment notwithstanding the verdict, and overruling his motion for new trial, as amended, on all grounds."

Appellee has moved that this appeal be dismissed on the grounds that the only judgment from which defendant Raymond Bivens could appeal was that of October 28, 1965, and time for appealing from said judgment has passed; that said judgment was completely favorable to Raymond Bivens thus giving no grounds for an appeal therefrom; that Mrs. J. C. Bivens, in whose name the enumeration of errors and brief were filed, is not a party to the appeal, having not filed any notice thereof; that the notice of appeal was filed by one party and the brief and enumeration of errors were filed by another party and that the notice of appeal filed by Raymond Bivens is incomplete since there are no briefs or enumerations of error filed in his behalf.

■ The only party of record to this appeal is Raymond Bivens, and his time for appealing to this court having passed, under the provisions of Section 5 of the Appellate Practice Act of 1965 (Ga. L. 1965, pp. 18, 21), and the only judgment from which he could appeal being completely favorable to him, the appeal must be dismissed. *Hudson v. Hudson*, 84 Ga. 611 (10 SE 1098); *Walker v. Hartford Acc. & Indem. Co.*, 196 Ga. 361 (26 SE2d 695).

■ Counsel has moved to amend this appeal by substituting the Christian name of "Mrs. J. C." for that of "Raymond" on the grounds that past decisions of this court allow amendment for a misnomer in the appellate courts. The cases relied on do allow amendment where a party has not been named correctly or where the designation of the actual parties does not clearly reveal their identity and examination of the record would do so. In these cases of amendment, there was no change in the actual parties to the appeal. If the amendment in the instant case were allowed, the result would be to substitute an entirely different person as the party who is appealing for the party who actually filed the notice of appeal and is before the court. Our rule of amendment does not go this far. *Arnold v. Wells*, 6 Ga. 380; *Central R. & Banking Co. v. Craig*, 59 Ga. 185; *Ramey v. O'Byrne*, 121 Ga. 516 (49 SE 595); *Head v. Marietta Guano Co.*, 124 Ga. 983 (53 SE 676).

*Appeal dismissed. All the Justices concur, except Duckworth, C. J., who dissents.*

DUCKWORTH, Chief Justice, dissenting. I dissent from the dismissal of this appeal because the record shows unquestionably that counsel moved to substitute the Christian name of "Mrs. J. C." for that of "Raymond" on the grounds that a misnomer had occurred in the Christian name of the appellant. In fact, the record shows clearly that the other defendant, who incidentally won his case, was the executor of the estate of J. C. Bivens, one Raymond Bivens, who was not a party to this action whatsoever, but who was served in his representative capacity as executor of said estate shown above. Clearly, counsel for appellant was in good faith in seeking to substitute the correct Christian name in this case for the person appealing. The surname of the appellant was the same before and after the substitution, and the appeal should not have been dismissed.