76990. BARRON v. DEPARTMENT OF TRANSPORTATION.
(372 SE2d 684)

CARLEY, Judge.

Appellee-condemnor filed a petition and declaration of taking as to certain land belonging to appellant-condemnee. Appellant was dissatisfied with the amount of estimated just and adequate compensation deposited into the registry of the superior court and, pursuant to OCGA § 32-3-14, she filed a timely appeal. The case was submitted to the jury on a special verdict form. The special verdict that was returned by the jury included an award to appellant of consequential damages. As to this award of consequential damages, the superior court subsequently granted appellee's motion for judgment notwithstanding the verdict and appellant appeals from the trial court's order granting appellee's motion.

In her sole enumeration, appellant urges error in the superior court's granting of appellee's motion for judgment n.o.v. The specific contention is that the superior court was not authorized to grant that post-verdict motion because appellee had made no motion for a directed verdict at the appropriate time during the trial. See OCGA § 9-11-50 (b); *Whitman v. Burden*, 155 Ga. App. 67 (1) (270 SE2d 235) (1980).

"In the trial of [a de novo condemnation] appeal in the superior court, the proceeding is governed by the rules applicable to ordinary suits. [Cit.]" *Georgia Power Co. v. Lightfoot*, 97 Ga. App. 330 (1) (103 SE2d 99) (1958). See also *State Hwy. Dept. v. Hester*, 112 Ga. App. 51, 53 (143 SE2d 658) (1965). Accordingly, if the evidentiary and procedural requirements have otherwise been satisfied, the superior court's disposition of such an appeal by the grant of a motion for judgment n.o.v. would be authorized by the provisions of OCGA § 9-11-50. See *Canada West, Ltd. v. City of Atlanta*, 169 Ga. App. 907, 914 (10) (315 SE2d 442) (1984). See generally *Fulton County v. Bailey*, 107 Ga. App. 512, 514 (3) (130 SE2d 800) (1963). The issue raised in the present appeal is whether appellee satisfied the procedural requirement by moving for a directed verdict during the trial.

In its order granting judgment n.o.v., the superior court explicitly found that a motion for directed verdict had been made by appellee at the close of all the evidence. The record shows that, at the close of the evidence, appellee did make a motion but it did not specifically denominate that motion as one which sought the direction of a verdict. It is evident from the transcript, however, that the superior court considered appellee's undenominated motion to be a motion for directed verdict on the issue of consequential damages and that it ruled upon the motion as such. Thus, the transcript supports the superior court's finding that appellee had made a motion for directed verdict at trial, notwithstanding appellant's contention to the contrary. Accordingly, the procedural prerequisite to the superior court's authority to grant appellee's motion for judgment n.o.v. was satisfied. Whether the evidentiary requirement was likewise met cannot be addressed, as appellant has not raised that issue in this appeal.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Ernest H. Woods III*, for appellant.

*John A. Dickerson, Michael J. Bowers, Attorney General, Marion O. Gordon, First Assistant Attorney General, Roland F. Matson, Senior Assistant Attorney General*, for appellee.