21320.   WHITE *v.* WILLIAMSON.

JENKINS, P. J.   1. Under section 3094 of the Civil Code (1910), in a proceeding in the court of ordinary for the appointment of a guardian for a person alleged to be insane or incapable of managing his own estate, an appeal to the superior court may be entered on payment of all costs and giving bond and security for all future costs and damages, by "the applicant for a commission, or the person for whom the guardianship is sought, or any friend or relative for him, dissatisfied with the return of the committee." This provision of the statute does not authorize a relative of the person for whom the guardianship is sought to enter an appeal from the judgment of the ordinary in his own name, even though such relative may be an "objector" in the ex parte proceeding, but the appeal, if made by one other than the applicant, must be entered by the person for whom the guardianship is sought, or by some friend or relative for him and in his name.

2. Where an appeal to the superior court from a proceeding in the court of ordinary for the appointment of a guardian was entered not by a party to the proceeding, but by a relative of the person for whom the guardianship was sought, "as next friend and on behalf of herself as such relative and as objector in the proceeding," but where the appeal bond was given only in the name of such relative as principal in her individual capacity, the appeal was invalid and subject to dismissal, for the reasons that no bond whatever was given by or in behalf of the person for whom the guardianship was sought, and that the relative executing such bond as principal had no right to file such appeal in her own behalf. Nor could the bond be amended by striking the name of the relative as an individual as principal and substituting the name of the person for whom the guardianship was sought by such relative as next friend.   *Head* v. *Marietta Guano Co.,* 124 *Ga.* 983 (5, 6) (53 S. E. 676).

3. Under the foregoing rulings, the court erred in not sustaining the motion to dismiss the appeal.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED DECEMBER 17, 1931.

█

*Houston White, Hooper Alexander,* for plaintiff.

*Branch & Howard, Bond Almand, S. J. Smith Jr.,* for defendant.