32004. McCOY *v.* SASNETT, guardian.

DECIDED OCTOBER 8, 1948. REHEARING DENIED OCTOBER 23, 1948.

820

*Alex A. Burch, Charles Elmer Jackson, William G. Mann,* for plaintiff in error.

*Bryan, Carter & Ansley, Joel B. Mallet,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ▉ Chapter 6-1 of the Code deals with appeals generally. Code § 6-104 authorizes an attorney at law or in fact to enter appeal for his principal. Code § 6-107 provides as follows: "If appeal shall be entered by the attorney at law or in fact, he may sign the name of the principal to said appeal bond, and the principal shall be bound thereby as though he had signed it himself." Section 6-204 provides for the manner in which appeal may be had from the court of ordinary, and is as follows: "In all cases in the court of ordinary, the party desiring to appeal, his attorney at law or in fact, shall pay all costs that may have accrued and give bond and security to the ordinary for such further costs as may accrue by reason of such appeal; this being done the appeal shall be entered."

The meaning of these Code sections when construed together is that an attorney at law or in fact is authorized to enter appeal for his principal; that when he acts in this capacity he shall sign the name of his principal to the bond, and the principal shall be bound thereby as though he had signed it himself.

Code § 4-401 provides: "An instrument signed by one as agent, trustee, guardian, administrator, executor, or the like without more, shall be the individual undertaking of the maker, such words being generally words of description."

In *White* v. *Williamson*, 44 *Ga. App.* 428 (2) (161 S. E. 654), the following is held: "Where an appeal to the superior court from a proceeding in the court of ordinary for the appointment of a guardian was entered not by a party to the proceeding, but by a relative of the person for whom the guardianship was sought, 'as next friend and on behalf of herself as such relative and as objector in the proceeding,' but where the appeal bond was given only in the name of such relative as principal in her individual capacity, the appeal was invalid and subject to dismissal, for the reasons that no bond whatever was given by or in behalf of the person for whom the guardianship was sought, and that the relative executing such bond as principal had no right to file such appeal in her own behalf. Nor could the bond be amended by striking the name of the relative as an individual as principal and substituting the name of the person for whom the guardianship was sought by such relative as next friend." See also *Head* v. *Marietta Guano Co.*, 124 *Ga.* 983 (5, 6) (53 S. E. 676).

It follows that only a party to the case can appeal from a judgment. When this is done by the execution of an appeal bond, such party must become bound thereby. The party may act through his attorney at law or his attorney in fact, but the acts of such attorney must bind the party and not the attorney. If the attorney is bound, the party has not appealed.

In the instant case, the execution of the bond by Alex A. Burch, as next friend of Asa Shannon McCoy, under Code § 4-401, does not bind McCoy.

■ It is insisted by counsel for the defendant that, under the Code, Chap. 49-8, and particularly under the Code (Ann. Supp.), § 49-817, the law of this State makes Alex A. Burch, as authorized

representative of the Administrator of the Veterans Bureau, an interested party. Also that, under paragraph 2, section 450, Title 38, U.S.C.A. (2), he is empowered to appear in the court which appointed the guardian, or in any court having original, concurrent, or appellate jurisdiction over said cause, on behalf of the incompetent, with power to appear or intervene as an interested party in any litigation, instituted by himself or otherwise, involving the rights of the incompetent.

This status, right, and power of the administrator by and through his attorney or representative, who in this case was Alex A. Burch, is fully recognized. However, when coming into a court of this State he must do so in accordance with the rules of procedure of such court. As such interested party, he had the right to become a party litigant in the instant case, and had he done so and been dissatisfied with the judgment of the court of ordinary, he could have appealed from such judgment on behalf of himself. Nevertheless, he failed to assert his right to become a party litigant to this case. He elected to assert his right to act as next friend and as attorney on behalf of the incompetent. In this capacity he could only appeal in the name and on behalf of his principal and not for himself.

Applying the statutes and appellate court decisions of our own State to the instant case, which in no wise is in conflict with the Acts of Congress and the Code of Federal Regulations applicable to this subject, we hold that the party defendant in the instant case failed to appeal from the judgment of the court of ordinary. The judgment of the superior court dismissing the appeal is therefore without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concu..*