35740. MAY, administratrix, *v.* BRADDOCK, administratrix.

QUILLIAN, J. 1. Where a widow dies pending proceedings to have a year's support set aside to her out of her husband's estate, a return of the appraisers appointed under provisions of §§ 113-1002 and 113-1004 of the Code, setting aside a year's support to the deceased widow, is void. *Brown* v. *Joiner*, 80 *Ga.* 486 (5 S. E. 497); *Smith* v. *Sanders*, 208 *Ga.* 405, 408 (67 S. E. 2d 229). Where, upon the trial of a year's support, the case is appealed to the superior court, the widow's administratrix, who became a party to the proceedings after the return of the appraisers was filed, admits in her testimony that the widow was not in life when the year's support was set aside to her, no valid verdict finding the year's support to have been legally set apart to the deceased widow could be returned by the jury.

2. Where the appraisers set aside as a year's support to the widow a sum of money in the hands of the administrator, with the provision that the sum be turned over to the widow in periodic payments, no objection being filed to the return of the appraisers, absolute title to the fund vests in the widow from the time the return is made to the ordinary. *Hendrix* v. *Causey*, 148 *Ga*. 164 (96 S. E. 180). The law does not confer upon the appraisers the power to direct that the fund be paid to the widow over a period of time. Consequently, the estate is not held together during the time that the fund is in the hands of the husband's legal representative subject to the use of the widow. The estate of the husband is divested of any interest in the money. Code § 113-1006.

3. Where the evidence demands a finding that the husband's estate was not kept together for more than twelve months after his death, but that during that period was fully administered in accord with the provisions of his will, the court does not err in directing a verdict denying a second year's support to the widow or, if she be dead at the time of trial, to her legal representative.

4. This case arose before the passage of the act of March 9, 1955 (Ga. L. 1955, p. 626) which provides that "the right of a widow to a year's support from the estate of her deceased husband shall be barred by the death of said widow."

*Judgment affirmed. Nichols, J., concurs. Felton, C. J., concurs in the judgment.*

DECIDED JUNE 29, 1955.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.
*Stevens & Stevens,* contra.