39559. STEWART v. STEWART.

DECIDED JUNE 25, 1962.

*Stewart & Goggins, J. E. B. Stewart, James O. Goggins,* for plaintiff in error.
*Reed, Ingram & Flournoy, Robert Flournoy, Jr., Noah J. Stone, Hugh W. Stone,* contra.

EBERHARDT, Judge. This case involves the dismissal of an appeal from the ordinary. It was transferred to us from the Supreme Court without opinion.

Travis B. Stewart (defendant hereinafter) and others filed a petition to appoint a guardian for Charles E. Stewart, Sr., which petition was granted by the Cobb County Ordinary. Subsequently, a petition was filed by "Charles E. Stewart, Sr., individually and by and through J.E.B. Stewart (plaintiff hereinafter), as his son and next friend . . ." praying that the original appointment of a guardian be vacated and that defendants be held in contempt of court. After hearing, this petition was denied. Within the time provided by law, plaintiff filed an appeal to the superior court. However, the appeal was *in his own name,* and not in the name of Charles E. Stewart, by next friend. He paid the costs and signed the appeal bond *in his own name.* He filed an amendment to the appeal *in his own name.* Defendants filed a motion to dismiss the appeal. A hearing was set but plaintiff was not present either in person or by counsel and the appeal was dismissed.

It is not insisted that the appeal was dismissed because of

plaintiff's failure to appear to prosecute the appeal in the superior court. Apparently, such failure is not grounds for the dismissal of the appeal. *Byers v. Byers*, 41 Ga. App. 671 (1) (154 SE 456) and citations. Cf. *Whelchel v. Cox*, 37 Ga. App. 280 (1) (139 SE 829).

Thus the question is presented of whether an adverse decision on a petition brought by "A, individually, and through his next friend B" may be appealed by B alone and in his own name. *White v. Williamson*, 44 Ga. App. 428 (2) (161 SE 654) and *McCoy v. Sasnett*, 77 Ga. App. 819 (49 SE2d 913) settle the question adversely to the plaintiff. In *White* the second headnote is, "Where an appeal to the superior court from a proceeding in the court of ordinary for the appointment of a guardian was entered not by a party to the proceeding, but by a relative of the person for whom the guardianship was sought, 'as next friend and on behalf of herself as such relative and as objector in the proceeding,' but where the appeal bond was given only in the name of such relative as principal in her individual capacity, the appeal was invalid and subject to dismissal, for the reasons that no bond whatever was given by or in behalf of the person for whom the guardianship was sought, and that the relative executing such bond as principal had no right to file such appeal in her own behalf. Nor could the bond be amended by striking the name of the relative as an individual as principal and substituting the name of the person for whom the guardianship was sought by such relative as next friend." And, as was so aptly put by Judge Townsend in *McCoy*, at page 821, "It follows that only a party to the case can appeal from a judgment. When this is done by the execution of an appeal bond, such party must become bound thereby. The party may act through his attorney at law or his attorney in fact, but the acts of such attorney must bind the party and not the attorney. If the attorney is bound, the party has not appealed."

The original petition was the petition of Charles E. Stewart, Sr., whether plaintiff used the "by next friend" or "for the use of" form. See *Dent v. Merriam*, 113 Ga. 83 (3) (38 SE 334) and *Crabb v. Stone*, 106 Ga. App. 66 (126 SE2d 284) respectively. Therefore, only Charles E. Stewart, Sr., or someone acting in

his name could take the appeal. The superior court properly dismissed it.

*Judgment affirmed. Carlisle, P. J., and Russell, J., concur.*