41600. ALEXANDER, Executrix v. FONTENOT et al.

HALL, Judge. This appeal follows a judgment of the superior court sustaining a motion to dismiss an appeal from a judgment of the court of ordinary sustaining a motion to dismiss an application for the appointment of an administrator of an estate. *Held:*

1. The appellant's first enumeration of error is that the trial court erred in refusing to allow the appellant to amend her application for the appointment of an administrator of the estate of Rosemary Fontenot Buchanan, deceased, by adding immediately after her name "Eloise Alexander" the word "as" in the first line of her application so that such application would read "Eloise Alexander, as Executrix of the Last Will and Testament of Ella Buchanan Cooper." The record in this court shows no order or entry by the trial court refusing to allow such an amendment, and the trial court has certified to the Court of Appeals, in accordance with the Appellate Practice Act of 1965, as amended, Ga. L. 1965, pp. 240, 243, that such an amendment was not tendered and that the trial court did not refuse to allow such amendment. The first enumeration of error, therefore, is without merit. *Clark v. Ganson*, 144 Ga. 544 (2) (87 SE 670).

2. The second enumeration of error is that the trial court erred in sustaining the appellee's motion to dismiss the appeal from the court of ordinary to the superior court. The ground of this motion to dismiss was that the party who brought the appeal was not a party to the cause in the court of ordinary. The petition to the court of ordinary, praying that

the "Clerk of the Superior Court of Walker County be appointed as administrator of the estate of Rosemary Fontenot Buchanan, deceased," was made by "Eloise Alexander, Executrix of the Last Will and Testament of Ella Buchanan Cooper." The appeal to the superior court was brought by "Eloise Alexander, as Executrix of the Last Will and Testament of Ella Buchanan Cooper, deceased." Previous decisions support the appellee's contention that the party in the court of ordinary and the party appealing to the superior court were not the same. *Stewart v. Stewart,* 106 Ga. App. 211 (126 SE2d 716); *Compton v. Weekes,* 107 Ga. App. 283 (129 SE2d 824).

It has been held that any amendment that would have been proper in a proceeding in the court of ordinary may be allowed on an appeal from that court to the superior court. *Wofford v. Vandiver,* 72 Ga. App. 623, 627 (34 SE2d 579); *Smith v. Goodwin,* 84 Ga. App. 319, 321 (66 SE2d 169). However, in the present case the appellant did not tender an amendment to the superior court. The trial court did not err, therefore, in sustaining the motion to dismiss the appeal.

*Judgment affirmed. Bell, P. J., and Frankum, J., concur.*

SUBMITTED NOVEMBER 4, 1965—DECIDED JANUARY 25, 1966.

*Frank M. Gleason,* for appellant.

*Shaw, Stolz & Fletcher, George P. Shaw,* for appellees.