43436.   COOGLER v. BERRY, by Next Friend.
43437.   COOGLER v. BERRY.

EBERHARDT, Judge.   Where, pending an action the defendant died and the executor of his last will and testament was substituted as party defendant, as provided by *Code Ann.* § 81A-125, the

person named as executor is not individually a party to the action and he may not appeal from a judgment entered adversely to the executor. "[O]nly a party to the case can appeal from a judgment" (*McCoy v. Sasnett*, 77 Ga. App. 819, 821 (49 SE2d 913)), or one who has sought to become a party, as by way of intervention under *Code Ann.* § 81A-124, and has been denied the right to do so. And see *White v. Williamson*, 44 Ga. App. 428 (2) (161 SE 654); *Stewart v. Stewart*, 106 Ga. App. 211 (126 SE2d 716); *Compton v. Weekes*, 107 Ga. App. 283 (129 SE2d 824); *Alexander v. Fontenot*, 113 Ga. App. 36 (147 SE2d 25); *Eubank v. Barber-Colman Co.*, 115 Ga. App. 217 (1) (154 SE2d 638). The notice of appeal cannot be amended to substitute a new party. *Bivens v. Todd*, 222 Ga. 84 (2) (148 SE2d 424).

Consequently, where the only notice of appeal in these cases was entered in his individual capacity by the person named as executor of the will of the deceased defendant, no valid appeal pends before us and the appeals must be

*Dismissed. Felton, C. J., and Whitman, J., concur.*

SUBMITTED FEBRUARY 5, 1968—DECIDED APRIL 8, 1968.

*Henning, Chambers & Mabry, Edward J. Henning,* for appellant.

*Hutcheson & Kilpatrick, Lee Hutcheson, Davis & Stringer, Thomas O. Davis,* for appellees.