## 51461. THE STATE v. LAMB.

MARSHALL, Judge.

The state has appealed the grant of a motion to suppress evidence of possession of growing marijuana plants by a college student in his dormitory room at Southern Technical Institute, a state-supported institution of higher learning. A dormitory supervisor was attempting to reconcile an objection by another student to moving into the defendant Lamb's room, in that the other student had stated that he didn't believe he could get along with Lamb. The dormitory supervisor thereafter entered Lamb's room to work out the differences and effectuate a move to double occupancy. Such entry was in contravention of the established rule of the institution that dormitory supervisory personnel were not to enter the dormitory rooms of the student residents except in certain emergency situations, which this occasion was not. Upon entry into the room, the supervisor saw in plain view what appeared to be one large growing marijuana plant and two smaller plants. All supervisors had been previously directed by the Dean of Men to confiscate such contraband. However, the supervisor did not know where to take the property when it was confiscated. The campus police were called and ultimately the suggestion was made by the campus police to take the plants either to the supervisor's living area or to deliver the plants directly to the campus police station. The latter suggestion was followed.

Lamb contends that the seizure violated his Fourth Amendment rights, in that, if not illegal when seized, it was made illegal when law enforcement officers became

involved. He also contends that because the supervisor's entry was not for any emergency purpose the state is estopped from using evidence in violation of the school's rules. *Held:*

We are confronted with the application of the Fourth Amendment and the exclusionary rule to a clearly illegal seizure by school officials. The exclusionary rule does not apply in the absence of a Fourth Amendment violation, and sometimes does not apply when such violation occurs. "Nor has any court extended the rule of the Weeks case so far as to hold that the Fourth Amendment requires the exclusion of evidence obtained through a search in which there was no participation or investigation by a federal or state *law enforcement* officer. United States v. Coles, 302 FSupp. 99, 103." *State v. Young,* 234 Ga. 488, 489 (216 SE2d 586).

With reference to searches by private persons, there is no Fourth Amendment prohibition and therefore no occasion for applying the exclusionary rule. Burdeau v. McDowell, 256 U. S. 465 (41 SC 574, 65 LE 1048) (1921). Law enforcement officers are bound by the full panoply of Fourth Amendment rights and are subject to the exclusionary rule. School officials are state officers whose action is state action bringing the Fourth Amendment into play; but they are not state law enforcement officials, with respect to whom the exclusionary rule is applied. *State v. Young,* supra, pp. 493, 494.

"There can be no serious contention that public school officials are law enforcement personnel. Therefore, it follows that although school officials are governmental officers subject to some Fourth Amendment limitations in searching their students, should they violate those limitations the exclusionary rule would not be available to the students to exclude from evidence items illegally seized. Instead, for the violation of their constitutional rights the students would be relegated to such other remedies as the law affords them, whether by actions based upon a claimed violation of their civil rights by state officers, or by some tort claim seeking damages." *State v. Young,* supra, p. 494.

Since the seizure was instigated by school officials acting administratively and was not attended by law

enforcement officers, we decline to hold that simple delivery of the seized contraband to law enforcement officers involves those officers in the "search and seizure."

We conclude that if Lamb cannot invoke the exclusionary rule based upon a Fourth Amendment violation, we will not compel an equivalent right based upon estoppel because of a violation of administrative rules. The law is not subject to reductio ad absurdum.

Under the facts of the case, the trial court erred in applying the exclusionary rule and granting the motion to suppress.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

SUBMITTED NOVEMBER 3, 1975 — DECIDED JANUARY 16, 1976 — REHEARING DENIED JANUARY 30, 1976.

*Paul F. Carden, Solicitor, Charles M. Norman, Assistant Solicitor,* for appellant.
*Richard M. Skelly,* for appellee.