## 55729. UNITED STATES FIRE INSURANCE COMPANY v. FARRIS et al.

DEEN, Presiding Judge.
"Only parties to the proceeding below may be parties on appeal." *Samples v. Greene,* 138 Ga. App. 823, 827 (227 SE2d 456) (1976); *Coogler v. Berry,* 117 Ga. App. 614 (161 SE2d 428) (1968). Although United States Fire Insurance Company was the original sole plaintiff in the trial court, the petition was amended to add as parties plaintiff Crum & Forster Insurance Companies and Wendell Drive Associates, a partnership. A second amendment was filed to "substitute Wendell Drive Associates a party plaintiff instead of U. S. Fire Insurance Co., so that hereafter the plaintiff shall be designated as follows: Wendell Drive Associates for the use and benefit of United States Fire Insurance Company." This eliminated United States Fire Insurance Company as a party to the action, and was in fact a correct procedure since the testimony on the trial of the case established that the injured party in this damage suit was the insured partnership Wendell Drive Associates; that the partnership had been reimbursed by the insurance company, and that they had given the latter a loan receipt for the amount of the claim. A loan receipt agreement "operates, as respects the right of the insured

to sue as the real party in interest, as a loan, and not as a payment of the loss effecting subrogation to the insurer." *Green v. Johns,* 86 Ga. App. 646 (2) (72 SE2d 78) (1952) and see Greenbriar Shopping Center v. Lorne Co., 310 FSupp. 303, 308. Such a loan receipt does not amount to an assignment. *Southeast Transport v. Hogan Livestock,* 133 Ga. App. 825, 827 (1) (212 SE2d 638) (1975). Under the covalent Federal Rule 17 (a), in states where, as in Georgia, the state substantive law validates the loan receipt, the insurance company is not a real party at interest under federal common law and "the loan receipt is still a valid method of keeping the insurance company out of the litigation as a party." 3A Moore's Fed. Practice, § 17.09 [2.—4], p. 17-119; 6 Wright & Miller, Federal Practice and Procedure: Civil § 1546. In such case the insured is the proper plaintiff. Luckenbach v. W. J. McCahan Sugar Ref. Co., 248 U. S. 139 (39 SC 53, 63 LE 170, 1 ALR 1522; and see cases cited in Waterway Terminals Co. v. P. S. Lord Mechanical Contractors, 242 Ore. 1 (406 P2d 556, 13 ALR3d 1) (1965).

In view of the state of Georgia law, which clearly establishes that where an insurance company pays a claim of its insured and takes a loan receipt rather than an assignment, the right of action against the tortfeasor remains in the insured, we originally held that the directed verdict in favor of the defendants in this case should be affirmed. However, on further examination it becomes obvious that the operative reason why the appellant insurance company cannot prevail under any circumstances here is that it was stricken, and properly so, in the trial court by the second amendment to the petition substituting Wendell Drive Associates, suing for its benefit as the party plaintiff.

The notice of appeal was filed on December 28, 1977, by the insurance company alone. As demonstrated, it had no cause of action and this fact had been recognized by the amendments substituting Wendell Brothers in its individual and representative capacities as the plaintiff. An appeal filed by one who has ceased to be a party to a suit is a mere nullity. Cf. *Eubank v. Barber-Colman Co.,* 115 Ga. App. 217 (154 SE2d 638) (1967). The judgment here appealed from was dated December 1, 1977. The

original appeal was therefore a nullity, and an attempt to amend the notice of appeal on March 31, 1978, coming more than 30 days after the final judgment cannot be considered as breathing life into it. Code § 6-803. *McLanahan v. Keith,* 135 Ga. App. 117 (217 SE2d 420) (1975), does not mandate a contrary conclusion because there the amendment adding the plaintiff in a representative capacity was filed in the trial court. Here the defendant insurance company, the original sole defendant, was originally named and then stricken as a party plaintiff in the trial court and its attempt to appeal was ineffectual. The appeal must therefore be dismissed.

*Appeal dismissed. Smith and Banke, JJ., concur.*

ARGUED APRIL 4, 1978 — DECIDED MAY 22, 1978 — REHEARING DENIED JUNE 12, 1978 — ▮▮▮▮▮▮

*Kirby G. Bailey,* for appellant.

*Peek & Whaley, James Garland Peek, J. Corbett Peek, Jr., Long, Weinberg, Ansley & Wheeler, Arnold J. Wright, Jr., F. Clay Bush,* for appellees.