## 55234. THE STATE v. TRIPPE et al.

McMURRAY, Judge.

Defendants (whose ages were not shown) in this possession of marijuana case were students at North Georgia Technical & Vocational School and resided in one of that school's dormitories. During the search conducted of dormitory rooms by the house parent and Harlan White, chief security officer of the school, who was also a special deputy sheriff of Habersham County, a quantity of marijuana was discovered in defendants' room. Defendants' motion to suppress was granted, and the state appeals. *Held:*

Harlan White testified that he was employed by the state as chief security officer at the school and that he was also sworn in as a special deputy sheriff of Habersham County. His duties included seeing that state laws were obeyed on campus as well as the school rules and regulations. Mr. White stated that "the Dean called me over the radio and told me to go down to Bryan Hall and assist the house parent with room checks." He stated that the house parents conducted room checks whenever they wished, but that security officers did not usually participate in room checks; that along with the house parent he checked several rooms before defendants' room. Upon entering defendants' room he saw a glass jar sitting on the desk in the room with some seed in it which he presumed to be marijuana seed. Further search also discovered additional quantities of marijuana.

The state contends that Mr. White conducted the search not in his capacity as law enforcement officer, but in his capacity as a member of the staff of the school acting at the request of the dean. The state contends that these searches are not undertaken for law enforcement purposes but are necessary to the safety of the other students, to the administration of the school rules, to the discipline of the students, and to maintain an academic environment, and are therefore reasonable searches not in violation of the Fourth Amendment of the United States Constitution. Therefore, the searches were instigated for a purpose which outweighs the students' expectation of privacy. *State v. Young,* 234 Ga. 488, 496

(216 SE2d 586). The state contends the searches were conducted in good faith within the meaning of *State v. Patterson,* 143 Ga. App. 225, 226 (237 SE2d 707). Generally, public school officials are not state officials with respect to whom the exclusionary rule is applied. *State v. Young,* supra, pp. 493-494.

In a motion to suppress the judge sits as trier of fact. "In the absence of evidence of record demanding a finding contrary to the judge's determination, this court will not reverse the ruling sustaining a motion to suppress." *State v. Smith,* 134 Ga. App. 602 (215 SE2d 345). The evidence here does not demand a finding that Harlan White was acting as a member of the school staff as opposed to acting as a law enforcement officer when he searched defendants' room and seized the marijuana. The trial court did not err in granting the motion to suppress. Here the factual issue has been decided against the state, but compare *State v. Young,* supra, and *State v. Lamb,* 137 Ga. App. 437 (224 SE2d 51), where the searches and seizures were not conducted by law enforcement officers.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

Submitted February 6, 1978 — Decided June 15, 1978.

*V. D. Stockton, District Attorney, Michael H. Crawford, Assistant District Attorney,* for appellant.

*Dennis T. Cathey, Douglas W. McDonald,* for appellees.