## 72638. LANE v. THE STATE.
(348 SE2d 711)

CARLEY, Judge.

A jury found appellant guilty of two counts of forgery in the first degree and five counts of forgery in the second degree. Appellant appeals from the judgments of conviction and sentences entered by the

trial court on the jury's verdicts.

1. Appellant enumerates the general grounds. Our review of the record reveals more than ample evidence from which any rational trior of fact could find every element of the crimes charged and proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Lee v. State*, 247 Ga. 411 (276 SE2d 590) (1981).

2. Appellant enumerates as error the trial court's denial of his motion for mistrial. The motion was made in response to certain testimony given by a State's witness, which testimony appellant urged had improperly placed his character in issue. The trial court denied appellant's motion for mistrial, but instructed the jury to disregard the witness' testimony. Appellant then neither renewed his motion for mistrial nor asked for further instructions. "Under these circumstances, even if we assume that the disputed testimony injected the appellant's character into evidence, the issue was not properly preserved for review on appeal. [Cit.]. . . . ' "A ground of enumerated error based on the denial of defendant's motion for mistrial is without merit where the judge instructed the jury not to consider the testimony which brought on the motion and counsel thereafter failed to request further instructions or renew the motion for mistrial." ' [Cit.]" *Doughty v. State*, 175 Ga. App. 317, 321 (333 SE2d 402) (1985).

Appellant's further contention that the witness' testimony was erroneously allowed into evidence is clearly without merit. As noted, the trial court sustained appellant's objection and specifically instructed the jury to disregard the witness' testimony.

3. Appellant enumerates as error the admission into evidence of certain money orders which were found in a search conducted by a private party rather than by police officers. Appellant contends that the money orders should not have been admitted into evidence because they were the fruits of an illegal search. However, the record does not reflect that appellant ever filed a timely motion to suppress the evidence, either before or during the trial. See generally OCGA § 17-5-30; *Wilcoxen v. State*, 162 Ga. App. 800 (1) (292 SE2d 905) (1982). Moreover, "[w]ith reference to searches by private persons, there is no Fourth Amendment prohibition and therefore no occasion for applying the exclusionary rule. [Cit.]" *State v. Lamb*, 137 Ga. App. 437, 438 (224 SE2d 51) (1976).

4. Although appellant urges error in the closing argument of the district attorney, review of the record reveals no point at which he objected to any portion of the argument that he now attacks on appeal. "Enumerations of error which raise questions for the first time on appeal present nothing for decision. [Cits.]" *Green v. State*, 170 Ga. App. 806-807 (318 SE2d 513) (1984).

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 2, 1986.

H. Haywood Turner III, for appellant.
William J. Smith, District Attorney, J. Gray Conger, Assistant District Attorney, for appellee.