### 73940. PATTERSON v. FLINT et al.
(356 SE2d 670)

Birdsong, Chief Judge.

Legal Malpractice — Summary Judgment. In 1972 Patterson, together with others, incorporated Southway Theaters, Inc. Among other activities, Southway rented movies for display to audiences. Southway was an independent movie operator and experienced difficulty obtaining first run movies for display in its theaters. Patterson as chief executive officer became aware of the probability that movie producers and leasers were deliberately favoring their own franchised movie exhibitors and seeking to force independent operators out of business. Patterson, on behalf of Southway, retained the law firm of Schreeder, Wheeler and Flint to pursue a complaint in the federal district court in Atlanta. The retention agreement was that the firm would be paid $25 per hour plus 30% of any recovery and expenses. Over the next ten years, the firm pursued the first filed lawsuit, plus a

second suit to preserve damages which occurred after the first suit. Over the period of the pretrial litigation, the law firm billed Southway for expenses of over $85,000. Patterson paid the firm more than $60,000 for the interim expenses. In an effort to arrange for payment of the remaining $25,000, the firm sought to modify the fee arrangements. The firm attempted to change the contingency agreement to a 50% contingency and waive any further hourly fees; to obtain a security deed on the theater property; or to impose an interest charge on the unpaid balance. None of the fee arrangements proved acceptable or could be satisfactorily arranged.

On March 26, 1984, the firm moved the district court to allow the firm to withdraw further representation of Southway for failure to pay attorney fees. When Patterson objected to the firm's withdrawal, the district court allowed Patterson approximately six months in which to retain substitute counsel. Finally on September 27, 1984, the district court granted the firm's motion to withdraw. Southway was still unable to locate counsel, and in April 1985, the firm was allowed to withdraw in the second case. On March 22, 1985, the district court dismissed the first action for want of prosecution. Subsequently, the second suit was dismissed for the same reason.

In May 1985, Patterson lodged a complaint with the State Bar of Georgia against the firm and its members. When prompt action was not taken, Patterson filed suit in the federal court against the judges, the attorneys, attorneys who declined to enter into a representative capacity in the four cases brought by Patterson, the State of Georgia, and the State Bar of Georgia. The federal court dismissed that complaint as being frivolous. Patterson then filed pro se (in addition to similar actions) the present complaint against the firm of Schreeder, Wheeler and Flint as well as against Wheeler and Flint individually. In his complaint Patterson contended the firm and the individual attorneys acted in a professionally derelict and improper manner amounting to legal malpractice. He also complained the attorneys had breached their contract of representation. Patterson had spent thousands of hours (he asserted) in assistance and preparation of legal documents; thus he claimed $200,000 in equitable relief for services performed.

After extensive discovery, the attorneys filed for summary judgment. The trial court granted summary judgment to the firm and individual attorneys. The court concluded that in essence the entire suit was based on contentions of legal malpractice. The defendant attorneys (Wheeler and Flint) affirmed they had exercised professional conduct comporting with that ordinarily exercised by members of the legal profession generally as well as that exercised by members of the Georgia Bar. Patterson, even after the passage of more than 90 days was unable to obtain an attorney willing to undertake representation;

thus Patterson answered the motion for summary judgment pro se. The trial court based its grant of summary judgment to the attorneys upon the failure of Patterson to offer expert legal opinion as to the alleged legal malpractice. Patterson filed this appeal enumerating 11 asserted errors. *Held*:

In substance Patterson argues that he (Patterson) pointed out in his brief many arguable shortcomings in the representation by the two attorneys. Thus Patterson contends the trial court should have evaluated the allegations of legal malpractice in terms of the specific assertions of failure to act or because of improper actions. He argues that if the individual acts of asserted malpractice are considered, the alleged malpractice is blatant, i.e., clear and palpable, and thus does not require expert evidence to establish malpractice. In the same light he urges the trial court erred in accepting the generalized assertions by the attorneys (Wheeler and Flint) that they performed their duties of representation in a legally professional manner and within the accepted standards of legal representation. Patterson contends the contentions of competency should have met the individual allegations of malpractice and that the generalized statements of competency of representation went to the ultimate issue and invaded the province of a jury. Patterson also argued that the evidence before the trial court showed that he (Patterson) should have been accepted as an "expert" because Patterson established he had spent "1,000's" of hours assisting the attorneys.

In its order granting summary judgment to the attorneys, the trial court made certain non-essential observations. The court observed that because Patterson sought to control the conduct of the trial proceedings, it was Patterson who was seeking to practice law and even considering the terms of the contract as binding, the court believed the contract was against public policy. Patterson made much of a divergency of opinion as to whether the contract of representation provided for "a satisfactory and successful" resolution of the lawsuit rather than a "just" resolution. Patterson also contended that by withdrawing before there had been a just resolution of the litigation, Wheeler and Flint breached ethical rules by not providing him with substitute counsel to continue the litigation. Patterson also argues in this appeal the trial court ignored the provisions of the complaint that sought damages for the equitable and contractual violations. Lastly Patterson argues that the trial court erred in concluding that Patterson lacked standing because the dispute was between Southway and the attorneys and that there was no justification for the court's conclusion that the reason Patterson could not obtain legal representation was the lack of merit to Patterson's claim.

We have taken opportunity to set forth the errors enumerated by Patterson because of an unusual feature in this case. In his statement

of jurisdiction in the Court of Appeals for this case, Patterson acknowledges: "The Supreme Court . . . declined jurisdiction in the case of *James Thomas Patterson, Sr. v. Lawrence L. Aiken* et al. That case raised most of the same issues that are raised in this case. That case was docketed as Georgia Court of Appeals Case No. 73073, *Patterson v. Lanham et al.*"

Because in every case coming before this court, we are required to examine the record to make certain we possess jurisdiction (*Stephenson v. Futch*, 213 Ga. 247, 248 (98 SE2d 374); *Venable v. Block*, 138 Ga. App. 215, 218 (225 SE2d 755)), we have examined the record and pleadings in the case of *Patterson v. Lanham*, 182 Ga. App. 343 (355 SE2d 738). At the invitation of Patterson and, within our inherent powers to do so, we take notice of the records of this court while considering the immediate case before us (see *Ammons v. Central of Ga. R. Co.*, 215 Ga. 764 (113 SE2d 443); *Baker v. City of Atlanta*, 211 Ga. 34 (3) (83 SE2d 682); and *L. K. F. v. State of Ga.*, 173 Ga. App. 770 (1) (328 SE2d 394)), we concur that most of the issues raised in the case sub judice were raised, considered and disposition made thereof in the *Lanham* case, supra. There this court, in considering the same issues presented in the case sub judice, held that there was no error in failing to grant Patterson more time to obtain the services of an attorney as replacement for Lanham's firm nor did counsel violate any special duties owed to Patterson. In response to the errors that we have set forth in detail in our opinion herein, this court in *Lanham*, supra, consolidated these several similar enumerations referring to them as "several convoluted arguments" (our examination thereof reflects they are indeed the same assertions in principle) challenging the propriety of the trial court's order granting summary judgment in favor of the attorney defendants in that case. Disposition of these "convoluted" errors was effectuated by the ultimate holding. In *Lanham*, supra, it was held that the affidavits of the attorney defendants involved was a sufficient showing of professional competence. Patterson's failure to bring forth expert evidence concerning the defendants' (Wheeler and Flint) want of professional skill and diligence (notwithstanding his inability and indeed because of his failure to provide an affidavit other than his own to refute the affidavits filed by the attorneys) required the grant of summary judgment to the attorneys. The trial court in this case was faced with the same situation. Perforce we are bound by the same rules of law. Independently and in view of the precedential holding in the *Lanham* case, supra, we find no error in the grant of summary judgment to Flint and Wheeler and their firm.

Though there are some issues raised in this case that were not considered in *Lanham*, supra, those issues are peripheral to the controlling issue, i.e., that Patterson failed to provide an off-setting affi-

davit of legal malpractice. These unaddressed issues are rendered moot by the affirmance of the grant of summary judgment and do not require explication in this opinion except to observe that each is without substantial merit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED APRIL 8, 1987 —
REHEARING DENIED APRIL 16, 1987 —

James T. Patterson, Sr., *pro se.*
*James T. McDonald, Jr., Mark J. Goodman*, for appellees.