76802. COOPER et al. v. THE STATE.
(372 SE2d 679)

CARLEY, Judge.

In a single indictment, appellants were charged with possession of cocaine with intent to distribute. They were tried as co-defendants, and the jury returned a guilty verdict as to each. Following the denial of their motion for new trial, appellants filed a single notice of appeal from the judgments of conviction and sentences entered by the trial court on the jury's verdicts.

1. Over appellants' hearsay objection, the trial court permitted a police officer to testify as to what he had been told by a confidential informant. Relying upon *Momon v. State,* 249 Ga. 865 (294 SE2d 482) (1982) and *Teague v. State,* 252 Ga. 534 (314 SE2d 910) (1984), appellants enumerate the trial court's admission of the police officer's testimony as error.

The record reveals that when the police officer was asked to relate the information that he had been given by the confidential informant, appellant made a hearsay objection. The State responded that it was proffering the testimony merely to explain the officer's conduct as provided in OCGA § 24-3-2. The trial court then overruled appellants' hearsay objection and the questioning of the police officer proceeded without any further objection, exception or request for instruction ever being made by appellants. "The trial court was not asked to rule on [the] ground [urged on appeal] and thus there is nothing to review. 'It is well established that appellate courts may not

consider objections to evidence not raised at trial.' [Cit.]" *Mullins v. State*, 176 Ga. App. 439, 440 (1) (336 SE2d 343) (1985). See also *Cichetti v. State*, 181 Ga. App. 272, 274 (3) (351 SE2d 707) (1986).

2. Appellants base two of their enumerations of error upon the jury charge that was given by the trial court.

"Before addressing the merits of appellant[s'] enumeration[s], we must first determine whether or not appellant[s] waived any objection to the trial court's charge. When asked if there were any objections to the charge as given . . . , counsel for appellant[s] replied, '[None] at this time, [if it please the court].' 'In order to avoid waiver, if the trial court inquires if there are objections to the charge, counsel must state his objections or follow the procedure set forth in *Gaither v. State*, 234 Ga. 465 (216 SE2d 324) (1975), . . . of reserving the right to object on motion for new trial or on appeal.' [Cit.] '(T)he mere insertion of the caveat "at this time" is a far cry from a reservation of objections to a later time, a standard set forth in *Gaither v. State*, [supra].' [Cit.]" *Kelly v. State*, 174 Ga. App. 424, 425 (4) (330 SE2d 165) (1985). It follows, therefore, that appellants have waived consideration of their enumerations of error predicated upon the jury charge.

3. The trial court's allowing of an arresting officer to give his opinion that appellant Ms. Bennett was in possession of the drugs found in the automobile is enumerated as error by her.

A review of the record shows that the trial court did not "allow" the witness to testify as to his opinion on anything. Rather, counsel for appellants asked the witness on cross-examination whether or not he had seen appellant Ms. Bennett put the contraband where he had found it. The only objection to the witness' answer was that it had not been responsive to the question. The trial court instructed appellants' counsel to ask his question again, and he then asked a different question. At no point was the trial court ever called upon to make a ruling concerning the admissibility of an opinion by the witness as to who was in possession of the drugs found in the car. At no point was the trial court ever requested to take corrective measures with regard to the testimony which was offered. " 'Enumerations of error which raise questions for the first time on appeal present nothing for decision. [Cits.]' [Cit.]" *Lane v. State*, 180 Ga. App. 168, 169 (4) (348 SE2d 711) (1986).

4. Appellant Ms. Bennett enumerates the general grounds. After a thorough review of the evidence produced at trial, we find that a rational trier of fact could reasonably have found appellant Ms. Bennett to be guilty beyond a reasonable doubt of possession of cocaine with intent to distribute. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Clark v. State*, 185 Ga. App. 513 (1) (364 SE2d 641) (1988).

*Judgments affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 7, 1988.

*Thomas M. Hackel*, for appellants.

*Harry D. Dixon, Jr., District Attorney, Richard E. Currie, Assistant District Attorney*, for appellee.