A89A0017. JONES v. ROBERTSON.
(382 SE2d 382)

BENHAM, Judge.

Appellee Robertson filed a multi-count lawsuit against appellant Jones, and the jury rendered a verdict in favor of Robertson on May 13, 1988, on a form provided by the trial court. They found in favor of appellee on the first count, awarding no actual or punitive damages, but awarding appellee $5,500 as expenses of litigation and attorney fees. The jury awarded appellee $10,259.18 in damages on the third count, and found in favor of appellee on the final count and the counterclaim but made no award of damages. On June 28, 1988, the trial court entered its judgment reflecting the jury's verdict; three weeks later, appellant filed a motion to strike that portion of the verdict and judgment that awarded appellee $5,500 as expenses of litigation and attorney fees. The trial court denied the motion on August 16, 1988, and appellant filed his notice of appeal on September 9, 1988.

"A party must file a notice of appeal within 30 days after entry of the appealable decision or judgment of which he complains, unless a motion for new trial, or a motion in arrest of judgment, or a motion for judgment notwithstanding the verdict has been filed. OCGA § 5-6-

38. [Cits.] The failure to file a notice of appeal within the time required by statute is one of the statutory grounds for dismissal of the appeal. OCGA § 5-6-48 (b) (1). [Cits.]" *Mathis v. Hegwood*, 169 Ga. App. 547, 548 (314 SE2d 122) (1984).

Appellant's notice of appeal states he is appealing from the denial of his motion to strike a portion of the jury verdict and the judgment. A motion to strike is not one of the three statutory motions which extend the time for filing a notice of appeal. OCGA § 5-6-38. It might be construed as a motion to set aside the judgment. A motion to set aside, while not enumerated in OCGA § 5-6-38, "is itself, when overruled, appealable. . . ." *Johnson v. Barnes*, 237 Ga. 502, 503 (229 SE2d 70) (1976). "A motion to set aside must be predicated upon some nonamendable defect which does appear upon the face of the record or pleadings, unless the defect involves a jurisdictional error. . . ." OCGA § 9-11-60 (d). While appellant's concern about the verdict may be viewed as a nonamendable defect upon which to base a motion to set aside (see *Covington v. Saxon*, 163 Ga. App. 646 (2) (295 SE2d 105) (1982)), appellant's failure to follow the procedures for discretionary appeal require us to dismiss the appeal. OCGA § 5-6-35 (a) (8). See *In re Booker*, 186 Ga. App. 614 (367 SE2d 850) (1988).

*Appeal dismissed. Deen, P. J., and Birdsong, J., concur.*

DECIDED MAY 11, 1989.

*Charles F. Johnson*, for appellant.
*J. Douglas Sexton*, for appellee.

