A89A0900, A89A1272. WIGLEY v. HAMBRICK et al. (two cases).

(389 SE2d 763)

BEASLEY, Judge.

These appeals arose from the retrial required by *Hamrick v. Bonner*, 182 Ga. App. 76 (354 SE2d 687) (1987) (appellees are referred to as both Hambrick and Hamrick). That opinion sets out the factual context of the dispute, which is whether Eddie Bonner had no right to a year's support from the estate of his deceased wife, Alice Bonner, due to his marriage in April 1984 to Mrs. Wigley, who also uses other names such as Anne Otwell and Serpentfoot.

*Hamrick*, supra, recognized that the annulment obtained by Wigley and Bonner in June 1985 after he filed for the year's support in March 1985 made the 1984 ceremonial marriage void ab initio, but reversed the superior court jury's award to Bonner because evidence of common law marriage was excluded. The judgment appealed in A89A0900 denied the year's support to Bonner after evidence of the common law marriage was considered.

On January 11, 1988, Wigley filed her Motion to Intervene as a non-party in order to strike any evidence tending to show she was married to Bonner and to dismiss the caveators' pleadings for lack of due process, failure to add an indispensible party, lack of probable cause, and injury to a non-party. The trial commenced on January 25, 1988, and, as reflected in the written order entered on March 2, the Motion to Intervene was "denied at trial of January 25, 1988 as being untimely filed. . . ." Also on March 2, Bonner's Motion for New Trial was denied.

The next day Wigley filed her Notice of Appeal from the judgment against Bonner and from the denial of her Motion to Intervene, as well as her Motion to Dismiss and Strike Pleadings and for abusive litigation. Also on March 3 Bonner, who had been represented by counsel at trial, filed his pro se Notice of Appeal, "with aid of translator-secretary Mrs. Ira Lee Wigley d/b/a Anne Otwell." Bonner died on March 4.

Contained in the record of A89A1272 are all matters filed in the trial record of A89A0900 after the March 2 and 3 Notices of Appeal were filed, including a Notice of Death of Plaintiff filed by Wigley on October 28, 1988, and the Letters of Administration issued by the Probate Court on October 3, 1988, appointing Wigley as substitute executrix of Bonner's estate.

### Case No. A89A1272

1. As to this appeal, Wigley filed her Notice of Appeal on March 6, 1989, from orders entered December 22, 1988, and January 23, 1989, which denied her motion for supersedeas and allowed her to

proceed in forma pauperis.

This court is required to ascertain whether it has jurisdiction, even if it is not raised by either party. *Patterson v. Flint*, 182 Ga. App. 650, 653 (356 SE2d 670) (1987); *Newton v. K. B. Property Mgmt. &c.*, 166 Ga. App. 901, 902 (306 SE2d 5) (1983). The notice of appeal not having been timely filed, this appeal is dismissed. *Jones v. Robertson*, 191 Ga. App. 537 (382 SE2d 382) (1989).

### Case No. A89A0900

2. Wigley's Motion to Intervene having been denied, she may individually appeal the judgment entered and the denial of her motion. See *Mar-Pak Mich. v. Pointer*, 226 Ga. 146 (173 SE2d 219) (1970); *Coogler v. Berry*, 117 Ga. App. 614 (161 SE2d 428) (1968).

The third enumeration contends that the denial of the motion to intervene was error because Bonner's attorney was not effectively representing him. This presents no basis for reversal and is a matter for another tribunal.

As to the issue before this court, OCGA § 9-11-24 (a) & (b) require that an application to intervene be "timely."

The application for year's support was filed in 1985; the first superior court trial occurred in January 1986, resulting in *Hamrick*, supra, and the second trial took place in January 1988. It was not until two weeks before this second trial that Wigley sought intervention.

"Whether an intervention is timely is a matter within the sound discretion of the court and that decision will not be controlled absent an abuse of discretion. [Cit.]" *Cipolla v. Fed. Deposit Ins. Corp.*, 244 Ga. 444 (260 SE2d 482) (1979); *Doe v. Garcia*, 177 Ga. App. 61, 62 (338 SE2d 710) (1985); *Harkness v. State*, 185 Ga. App. 770 (365 SE2d 552) (1988). There was none.

3. After Bonner's death and Wigley's appointment as executrix, she filed with the trial court on October 28, 1988, a Notice of Death and Appointment of Administratrix (sic) To Complete Appeal. Although no formal substitution of party was effected below, OCGA § 9-11-25, the October 28 filing and the participation by Wigley in the appellate process was sufficient under Rule 39 (b) for this court to consider the appeal.

4. Appellees, the children of Alice Bonner and stepchildren of Ed Bonner and caveators below, have filed a Motion to Dismiss the appeal as moot, OCGA § 5-6-48 (b) (3), on the basis of Bonner's death. They rely on *Brown v. Joiner*, 77 Ga. 232 (3 SE 157) (1886) and *May v. Braddock*, 92 Ga. App. 302 (88 SE2d 539) (1955).

Prior to 1955, a year's support could be obtained from the estate even if the widow had remarried or died before applying. *Smith v.*

*Sanders*, 208 Ga. 405 (67 SE2d 229) (1951). Ga. Laws 1955, pp. 626-627 (former Ga. Code Ann. § 113-1033) provided that the right of a widow to year's support "shall be barred by the death of said widow, or by the subsequent remarriage of said widow, prior to the setting apart of such year's support." This law also imposed a time limit of twelve months, measured from the death of the spouse, within which the application for support had to be filed or the right became barred.

Ga. Code Ann. § 113-1033 was repealed by Ga. Laws 1958, p. 657 and Section 113-2002 was enacted. It provided that applications had to be filed within three years from death of the decedent and "shall be made and filed during her widowhood and during her lifetime, and not otherwise." This provision is now contained in OCGA § 53-5-2 (d), which preserves the three-year limitation and requires filing of the application "during the time the spouse is widowed and while the spouse is living and not otherwise."

"[I]t is well settled in this jurisdiction that all statutes are presumed to be enacted by the legislature with full knowledge of the existing condition of the law and with reference to it; that they are to be construed in connection and in harmony with the existing law; and that their meaning and effect will be determined in connection, not only with the common law and the Constitution, but also with reference to other statutes and the decisions of the courts." *Spence v. Rowell*, 213 Ga. 145, 150 (2) (97 SE2d 350) (1957); OCGA § 1-3-1 (a); *Buice v. Dixon*, 223 Ga. 645, 647 (157 SE2d 481) (1967).

Where a statute is plain and susceptible of only one reasonable construction, the courts have no authority to place a different construction upon it. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981).

Entitlement to the right to a year's support is a matter of status. *Gentry v. Black*, 256 Ga. 569, 570 (351 SE2d 188) (1987). It vests upon the death of the spouse. *Brown*, supra. The legislature did not attempt to alter this, but did provide by amendments to the statute that the right can be waived if application is not made while the spouse is alive and widowed.

We find no basis to conclude, as argued by appellees, that the year's support, if applied for under these conditions, lapses if the award is not finalized before death of the claimant. See *Smith*, supra; *Brown*, supra. If that had been the legislature's intention, it would have so specified.

The motion to dismiss the appeal as moot is denied.

5. The first and second enumerations allege error in jury instructions regarding marriage. After the charge was given, the court inquired of counsel for Bonner if there were objections. None was stated. "When a party fails to object to a jury charge at the time of trial he is precluded from alleging error on appeal as to that ground.

[Cits.]" *Foster v. Harmon,* 145 Ga. App. 413, 416 (5) (243 SE2d 659) (1978); *Carrandi v. Sanders,* 188 Ga. App. 562, 564 (2) (373 SE2d 661) (1988).

The charge is not susceptible to challenge pursuant to OCGA § 5-5-24 (c); it is an accurate statement of the law regarding the elements required for a valid marriage, either ceremonial or common law. OCGA § 19-3-1; *Brown v. Brown,* 234 Ga. 300, 301 (215 SE2d 671) (1975); *Drewry v. State,* 208 Ga. 239, 243 (3) (65 SE2d 916) (1951) adopting dissent in *Lefkoff v. Sicro,* 189 Ga. 554, 576 (6 SE2d 687) (1939).

6. Enumerations 4, 5, & 6 complain of evidentiary rulings.

Enumeration 4 alleges error in admission of Defendant's Exhibit 3, the Petition filed for the annulment of the Bonner/Wigley ceremonial marriage. The Decree of Annulment was tendered by Bonner as Plaintiff's Exhibit 5 and the only objection voiced to the Petition when tendered by the Hambricks was that it had not been properly identified. The objection here is that its introduction allowed no opportunity for it to be refuted and that it was "harmful and prejudicial."

The objection made on appeal not having been made below, there is nothing to review. *Cooper v. State,* 188 Ga. App. 297, 298 (3) (372 SE2d 679) (1988). Further, an objection that evidence is "prejudicial" is too vague and general to present any question for determination. *Sultenfuss v. State,* 185 Ga. App. 47, 49 (4) (363 SE2d 337) (1987).

The marriage license was admitted without objection below and Enumeration 5 will not be considered here for the first time. *Cooper,* supra; *Sultenfuss,* supra.

None of the testimony complained of in Enumeration 6, concerning whether Bonner and Wigley held themselves out as husband and wife, was objected to below except that contained on page 104, lines 10-13 of the transcript. The objection made is not the one argued here, and the new one will not be considered. *Cooper,* supra; *Sultenfuss,* supra.

Evidence going to the elements of a common law marriage was relevant. *Hamrick,* supra at 78 (4).

7. Enumeration 7 complains of the court's failure to "direct a judgment" in favor of Bonner. No motion for directed verdict was made below and this enumeration presents nothing for review. *Glenridge Unit Owners Assn. v. Felton,* 183 Ga. App. 858 (2) (360 SE2d 418) (1987).

*Judgment affirmed in Case No. A89A0900. Appeal dismissed in Case No. A89A1272. Carley, C. J., and McMurray, P. J., concur.*

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 15, 1989 —

Ira Lee Wigley, *pro se.*
*Pruitt & Britt, Glyndon C. Pruitt, Walter M. Britt,* for appellees.