**LEVY JEWELERS, INC., Plaintiff,**

v.

**ADT SECURITY SYSTEMS, INC., et al., Defendants.**

No. CV 498–280.

United States District Court,
S.D. Georgia,
Savannah Division.

June 14, 1999.

Aaron L. Buchsbaum, Buchsbaum & Lowe, Savannah, GA, Peter A. Muhic, Cozen & O'Connor, Philadelphia, PA, for Levy Jewelers, Inc., plaintiff.

Roy E. Paul, Bouhan, Williams & Levy, Savannah, GA, for ADT Security Systems, Mid–South, Inc., defendant.

### ORDER

NANGLE, District Judge.

Before the Court is defendants' motion to add Jewelers Mutual Insurance Company ("Jewelers Mutual") as a party plaintiff in the above titled action. During discovery defendants learned that Jewelers Mutual paid plaintiff $159,447.98 in insurance payments in partial recovery for losses incurred by plaintiff in a burglary occurring on or about January 7, 1998. Plaintiff executed a "Receipt and Acknowledgment of Payment" acknowledging receipt of the proceeds. Other documents indicate that an additional insurance payment of $20,798.92 was contemplated, but no evidence of actual payment has been produced. The relevant insurance policy agreement, produced at defendants' request, provides for Jewelers Mutual to potentially have a subrogated interest or assignment of any recovery obtained by plaintiff.

Defendants seek to join Jewelers Mutual as a real party in interest under Federal Rule of Civil Procedure 17(a). Rule 17(a) states:

> Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest.... No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

By their motion, defendants seek to avoid any chance of double recovery and to assure that all necessary parties and issues are before the court.

Defendants, citing *ECI Management Corp. v. Scottsdale Ins. Co.*, 23 F.3d 354, 356 (11th Cir.1994), contend that the Court must resort to Georgia state law to determine who is a

real party in interest. Under Georgia law, an insurer giving a "loan receipt" as opposed to receiving an assignment, is not considered the real party-in-interest, and the action may be brought under the name of the insured. *United States Fire Ins. Co. v. Farris,* 146 Ga.App. 177, 245 S.E.2d 868 (1978). Defendants admit that the language in the insurance contract seems to contemplate both an arrangement akin to a loan receipt and a potential assignment. Defs.' Mot. at 5. The Court, however, does not deem it necessary to make a determination regarding the contract language in order to deny defendants' motion.

First, plaintiff asserts, and defendants do not contest, that plaintiff suffered uninsured losses of approximately $134,000 for which it seeks recovery. Therefore, regardless of Jewelers Mutual's status as a party, Levy Jewelers is still a real party in interest pursuant to Rule 17(a). Secondly, subsequent to the filing of defendants' motion, Jewelers Mutual executed an "Affidavit of Ratification" in which it ratified the action in the name of its insured and agreed to be "forever bound by the results of the above action and forever waives any rights to pursue its subrogation rights outside the above proceeding." Pl.'s Resp.Opp. Def.'s Mot.Ex. A (Doc. 13). Plaintiff also asserts that Jewelers Mutual has fully cooperated in all discovery. While Eleventh Circuit precedent on Rule 17(a) and prejudgment ratification by insurance companies is sparse, plaintiff has cited a number of cases from other circuits supporting its position which this Court finds persuasive.

Because the purpose of Rule 17(a) is to protect the defendant from multiple actions, the ratification agreement obviates any need to add Jewelers Mutual as a party. *HB Gen'l Corp. v. Manchester Partners, L.P.,* 95 F.3d 1185, 1196 (3rd Cir.1996) (finding that even though multiple real parties have a real interest in a claim, as long as plaintiff is a real party in interest, "Rule 17(a) does not require the addition of other parties also fitting that description."). In such a case,

the protective purpose of Rule 17(a) could be achieved by including protective provisions in the judgment. *Id.* at 1197. In this case, such a protective provision would be unnecessary because of Jewelers Mutual prejudgment ratification. *See also James v. Nashville Bridge Co.,* 74 F.R.D. 595, 596–97 (N.D.Miss.1977) (finding adding insurance carrier as a plaintiff unnecessary, even though it was a real party in interest under state law, because the court deemed joinder unnecessary provided the carrier file a ratification of the action); *Hancotte v. Sears, Roebuck & Co.,* 93 F.R.D. 845, 846–47 (E.D.Pa. 1982) (explaining that a ratification agreement "affords the defendant the same protection against subsequent actions that would be provided by Rule 17(a)"); *Prosperity Realty, Inc. v. Haco–Canon,* 724 F.Supp. 254, 258 (S.D.N.Y.1989) (finding joinder of insurance carrier unnecessary after ratification even though the insured was left only with a $1,000 uninsured loss. In the present case, plaintiff seeks recovery for $133,671.23 for uninsured losses).

Plaintiff also states that unnecessarily adding Jewelers Mutual after the ratification agreement would only serve to prejudice the jury. Courts have long recognized the impact of an insurance company on either side of a case, finding that the jury's decision on the merits may be affected. *Altenbaumer v. Lion Oil Co.,* 186 F.2d 35, 35 (5th Cir.1950); [1] *White Hall Bldg. Corp. v. Profexray Div. of Litton Indus., Inc.,* 387 F.Supp. 1202, 1206 (E.D.Pa.1974). Consequently, courts have uniformly condemned the practice of adding insurance carriers as parties when unnecessary or even unnecessarily mentioning the insurance carrier at trial. *Id.*

### Conclusion

Because Jewelers Mutual has executed and filed a ratification affidavit with the Court and has fully cooperated in discovery, the Court finds no basis for granting defendants' motion to add it as a party because the

---

1. In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

exposure for subsequent litigation no longer exists. Furthermore, addition of Jewelers Mutual could cause plaintiff considerable prejudice, while no prejudice to defendant will result from denying its motion. Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to add Jewelers Mutual as a party plaintiff is denied.